CHASEZ, Judge.
Plaintiff, Leon Porter, instituted this action seeking workmen’s compensation benefits for total permanent disability, medical expenses, court costs, and attorney fees against defendant, The Ceco Corporation. Judgment on the merits was rendered by the trial court in favor of plaintiff, awarding $49.00 per week for 500 weeks which was amended to provide that should plaintiff reject an offer from defendant to pay medical expenses incident to the repair of plaintiff’s injury, together with disability *236 payments accrued to date, then additional testimony will be presented to the court to determine defendant’s liability beyond 26 weeks. Defendant suspensively appeals this judgment.
Plaintiff, an employee of defendant, is a common laborer, aged sixty-four, who has not advanced beyond the fourth grade in education and cannot read or write very well. He alleges that on June 23, 1970[1] he slipped and injured himself while assisting three other men unload a truck filled with heavy forms or “pans” used in construction. The forms are approximately 12 feet long, 18 inches wide, and about three or four feet high, and it usually requires four men to lift them. Plaintiff’s job entails assisting fellow employees when loading and unloading- these forms and sanding them in preparation for welding. He alleges that after he slipped he told his fellow employees in a joking manner that he thought he injured his back. He did not report the incident because it was near quitting time and the pain did not commence until later that evening after work. In his testimony he asserts that he called defendant the next day and reported feeling sick and hurting all over. On June 25, 1970 he saw Dr. Malcolm Russell who diagnosed his injury as an inguinal hernia. He then took a slip of paper given to him by the doctor to his employer, whereupon he also showed two of his immediate supervisors the swollen area affected.
Alton Radcliff, yard foreman for defendant, testified that he called Porter on June 29, 1970 at which time he learned that plaintiff wasn’t feeling well. He did not learn of the inguinal hernia until a week later on or about July 7, 1970. He further stated that he could not recall Porter calling and reporting his injury. R. S. Evans, defendant’s Field Supervisor, testified that on June 24, 1970 he was informed by Radcliff that Porter was not at work because of illness and that Evans did not learn of the inguinal hernia until July 7, 1970.
Dr. Malcolm Russell testified that the plaintiff came to him on June 25, 1970 and related that he had been injured at work. An examination revealed that plaintiff was suffering from a recent inguinal hernia. As a result of his diagnosis he gave plaintiff a note to defendant and its company physician as to his findings. He also testified that plaintiff could not carry out the duties of his job with this affliction and recommended surgery to remove the hernia, but asserted even after corrective surgery the plaintiff would, in his opinion, be unable to resume any job entailing heavy lifting.
Defendant’s primary contention is that plaintiff has not complied with LSA-R.S. 23:1221(4) (q) and is therefore not entitled to workmen’s compensation benefits.
LSA-R.S. 23:1221 (4) (q) (1) states:
“ § 1221. Temporary permanent or partial disability; schedule of payments.
“Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
******
“(4) In the following cases the compensation shall be as follows:
* * * * * ’ *
“(q) (1) In all claims for inguinal hernia, it must be established by a preponderance of the evidence that the hernia resulted from injury by accident arising out of and in the course and scope of employment, that the accident was reported promptly to the employer, and that the employee was attended by a licensed physician within thirty days thereafter.”
*237 This statute sets out three requirements a claimant must meet in order to recover compensation benefits when a claim is made regarding an inguinal hernia. For coherence, we treat each requirement separately.
Plaintiff must establish by a preponderance of evidence that the hernia is a result of an accident sustained during the course and scope of his employment and that it is causally connected. Preponderance of evidence, however, does not envision establishment of an absolute certainty, it is more in the nature of a reasonable probability which justifies a conclusion. Beasley v. Service Foundry Div. of Avondale Ship., Inc., 235 So.2d 139 (La.App., 4th Cir., 1970).
The trial judge found that plaintiff did establish by preponderance of evidence that he received an inguinal hernia caused by a loss of footing while lifting a heavy object, and that same occurred within the course •and scope of employment. In concurring with the trial court’s finding, we note that Radcliff’s testimony disclosed that, on the last day plaintiff worked, a truckload of forms had come in and plaintiff was assisting with their unloading. It was also established that plaintiff saw a doctor within' two days of the accident who diagnosed his injury as a recent inguinal hernia.
Plaintiff has been unable to resume work since the date of the accident. This continuous inability to work, coupled with the surrounding circumstances, guides our conclusion that no manifest error has been committed.
The second requirement necessitates prompt reporting of the accident. Defendant asserts that, although the injury was reported to a doctor within two days, knowledge that plaintiff was suffering from an inguinal hernia was not obtained until two weeks after the accident, or about July 7, 1970. Additionally it is asserted that defendant was not appraised of any work-related accident until a letter dated July 16, 1970 was received from plaintiff’s attorney.
Both Radcliff and Evans related that about two weeks after the accident plaintiff came to defendant’s work yard and showed them a large lump in the region of his groin, reportedly stating that his wife noticed it the night before. However, Doctor Russell testified that he first saw the plaintiff on June 25, 1970 and had diagnosed plaintiff’s injury as an inguinal hernia. Thus Porter had knowledge of his injury long before July 7, 1970. The trial court viewing the witnesses firsthand had rejected the idea that plaintiff did not know his own injury. We concur. We also believe that defendant did have knowledge of the accident and its causal connexity with plaintiff’s injury within two weeks after the accident. This related with the surrounding circumstances induces us to conclude that two weeks is sufficiently within the time requirement to be considered prompt notification. Of great significance and basis for our reasoning is plaintiff’s complete absence from work following his injury causing accident.
Further, the trial judge found that Rad-cliff’s conversation with Evans on June 24, 1970 in which Radcliff reported that Porter was not at work because he was sick indicated that plaintiff informed defendant by ■phone that he was hurt as claimed. A trial judge viewing the witnesses and evidence, who evaluates the credibility of same, is reversible only in instances of manifest error. Defendant contends that the trial judge committed manifest error because plaintiff’s testimony is confused and inaccurate. However, in view of plaintiff’s age, lack of education and intelligence, we do not find his confusion and imprecise recollection of distant dates atypical. We are therefore unable to conclude that the trial judge committed manifest error in believing his testimony.
The fact that Porter was examined by and began treatment from Dr. Russell on *238 June 25, 1970 satisfies the third requisite of the statute.
Plaintiff’s claim for attorney fees is not allowable in that we cannot find defendant acted in an arbitrary or capricious manner when consideration is given the particular circumstances of the case. Additionally we find defendant was justified in seeking resolution of this problem before the courts.
For the foregoing reasons the judgment of the lower court rendered February 8, 1971 and amended March 9, 1971 is affirmed. Costs to be paid by defendant.
Affirmed.

. Plaintiff’s original petition alleged that he was injured on June 24, 1970; however, work records indicate that he was not at work on June 24th and the unloading incident which he described occurred on June 23rd. The trial judge found as a fact that the injury occurred on June 23, 1970.