CULPEPPER, Judge.
Plaintiff seeks workmen’s compensation benefits for total and permanent disability resulting from a hernia. The district judge found plaintiff failed to prove the hernia was caused by an accident in the course and scope of his employment. Plaintiff appealed.
The decisive issue is whether plaintiff proved the accident.
Plaintiff was employed as a common laborer by the defendant, Vancouver Plywood Company, Inc. He alleges that during the last week of August, 1970, he and another employee, Willie Puefory, were loading a boxcar with 2x8 pine boards. Plaintiff testified that when he lifted two of these boards, he felt a “burning” in his right lower side but did not think too much about it, and after a while it went away. He says he “mentioned” it to Willie Pue- *284 fory, who was in the boxcar with him at the time. But he did not report the accident to the supervisor that day because the pain went away.
Plaintiff contends the testimony of Willie Puefory corroborates him. But in his written opinion the trial judge held to the contrary:
“Willie Puefory denied that he had seen Plaintiff hurt himself on the job, and denied that Plaintiff had told him he had hurt himself on the job. In further testimony Willie Puefory said that Plaintiff had told him, at some time that was never clearly established, that he was going to report to his supervisor that he had hurt himself. Willie Puefory testified that he did not remember of ever seeing Plaintiff in pain or hurting. Although the testimony of Willie Puefory was somewhat confusing about when Plaintiff told him he had hurt himself, his testimony was clear that Plaintiff did not tell Willie Puefory he had hurt himself on the date of the alleged occurrence of an injury, and that Willie Pue-fory had never seen Plaintiff injured, and had never seen Plaintiff in pain, or hurting.”
A careful study of the testimony of Willie Puefory convinces us the trial judge was correct.
Clyde Sepulvado was the forklift operator and Herman Leone was the “head checker” during the time of the alleged accident. Both testified that plaintiff did not complain of pain to them, and they did not observe him in pain.
Plaintiff testified that after the accident he continued to work but a pre-existing hydrocele became worse. He reported this condition to his supervisor, and on September 14, 1970 he went to see Dr. N. U. Booker, a general practitioner of Many. This physician diagnosed a hydrocele and scheduled corrective surgery for this condition on September 18, 1970 by Dr. Roy S. Buey, a surgeon of Shreveport. During this surgery, the physicians found for the first time that plaintiff had a small direct inguinal hernia on the right side, which was unrelated to the hydrocele. They repaired both the hydrocele and the hernia.
Neither Dr. Booker nor Dr. Buey could express any opinion as to when the hernia occurred. However, Dr. Booker testified as follows regarding the symptoms which would probably be experienced at the time of such an accident:
“I think if a man is in the process of lifting has enough increase of interab-dominal pressure to cause a hernia to make its first appearance, that is to cause tearing of tissues which he would have to do, he would usually have severe pain — it may not last too long but he would notice it — he would get several shock like features such as nausea — they will often vomit and break out with perspiration and they will be in a state where they will want to sit down and take it easy. Now this is a true classical picture of a man that sustains a traumatic hernia as a result of tearing tissue. Now if he went that far then he would have some of these characteristics and probably most of them that I have just enumerated.”
In his written opinion, the trial judge quotes the above testimony of Dr. Booker and then makes the following astute observation :
“None of Plaintiff’s co-workers, even Willie Puefory, who worked shoulder to shoulder with Plaintiff, ever observed any of the above objective manifestations, and, in fact, none ever at any time observed anything unusual about Plaintiff’s conduct, behavior or activities.”
A workmen’s compensation claimant has the burden of proving his claim by a preponderance of the evidence as in any other type of case, Hebert v. Your Food Processing & Warehouse, Inc., 248 La. 197, 177 So.2d 286 (1965). As regards hernias in particular, LSA-R.S. 23:1221(4) *285 (q)(l) expressly states: “In all claims for inguinal hernia, it must be established by a preponderance of the evidence that the hernia resulted from injury by accident arising out of and in the course and scope of employment . . .”
Also pertinent here is the rule that the testimony of plaintiff alone is sufficient to establish the occurrence of an accident only where there is nothing to discredit his account thereof and his testimony is corroborated by surrounding circumstances, Stoddard v. Insurance Company of North America, 271 So.2d 367 (La.App.2d Cir.1972) and the cases cited therein.
The district judge recognized these rules and held: “In this case, as pointed out, the surrounding circumstances not only do not support the statements of the plaintiff, but, on the contrary, refute them.” We find the trial judge was correct.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.