301 So.2d 375 (1974)
John MARMOLEJO
v.
FAIRMONT ROOSEVELT HOTEL COMPANY, INC. and the Continental Insurance Companies.
No. 6447.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1974.
*376 Kierr, Gainsburgh, Benjamin, Fallon & Lewis, Eldon E. Fallon, New Orleans, J. Robert Ates, David W. Oestreicher, II, New Orleans, for John Marmolejo, plaintiff-appellant.
R. K. Christovich, Christovich & Kearney, New Orleans, for Fairmont Roosevelt Hotel Co., Inc. and others, defendants-appellees.
Before STOULIG, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
This is a claim for workmen's compensation benefits for an inguinal hernia which plaintiff alleges to have incurred within the scope of his employment with the Fairmont Roosevelt Hotel Company. The suit was dismissed in the trial court on an exception of no cause of action for failure to comply with L.R.S. 23:1221(4)(q)(1). This appeal by plaintiff from the dismissal of his suit followed.
Plaintiff filed this suit for workmen's compensation benefits on February 6, 1974, for disability resulting from an inguinal hernia alleged to be the result of an accident of May 1, 1973. The defendants filed an exception of no cause of action and an exception of prescription or peremption contending that L.R.S. 23:1221(4)(q)(1) requires a victim of a hernia to report and be treated for the hernia within 30 days of the accident. They contend this is so because inguinal hernias are injuries of such a nature that a prescriptive period of one year would result in prejudice to an employer. The plaintiff insists that the statute merely requires that the employer be notified of the accident and that the employee receive some medical treatment within 30 days. The trial judge agreed with the defendants' views, maintaining the exception of no cause of action, and dismissed the suit. No mention is made in the judgment of the disposition of the exceptions of prescription and peremption. The only question presented to us on this appeal for our review is whether or not the plaintiff has complied with the statute in his pleadings.
"L.R.S. 23:1221(4)(q)(1) provides as follows:
"(q)(1) In all claims for inguinal hernia, it must be established by a preponderance of the evidence that the hernia resulted from injury by accident arising out of and in the course and scope of employment, that the accident was reported promptly to the employer, and that the employee was attended by a licensed physician within thirty days thereafter."
Plaintiff alleges in his petition that he was employed by the hotel in a job that was hazardous within the meaning of the compensation Act. He alleges an accident on May 1, 1973, within the scope of his employment as a result of which he suffered an inguinal hernia. He delineates the accident to have happened as he was dismantling a door, which slipped, and in attempting to catch hold of it, he severely strained himself. He alleges treatment and hospitalization for the hernia, and an unsuccessful demand on defendants for compensation benefits. He specifies no dates for these events, but he alleges, "Defendants *377 were duly notified of the aforesaid accident and were furnished satisfactory proof of loss."
For the purposes of an exception of no cause of action, each allegation of the petition must be taken as true, and purely on this basis, it would appear that he has generally alleged a cause of action. However, since the dates were not supplied in the petition, it is apparent that some difficulty arises, at least as to vagueness, in order to meet the requirements of the quoted statute. In the event that we were to decide that strict allegations of time must be required, we would be compelled in this instance, to remand the matter to the district court in order to permit plaintiff to amend his petition to supply the missing dates in the allegations. C.C.P. Article 934 requires that when the grounds of the objection pleaded by a peremptory exception may be removed by amendment, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.
We note that the parties have argued to the trial court, and to us, the detailed background facts surrounding this particular accident and claim, and have supplied some affidavits and medical reports, perhaps in connection also with the exceptions of prescription and peremption. In any event, we can consider these facts presented for the purpose of determining whether amendment of the petition should be permitted. However, we are permitted under the provisions of C.C.P. Article 2164 to render any judgment which is just, legal and proper upon the record on appeal, and we feel that to remand under these circumstances would simply be to delay a decision on the issue presented to us, and so, for the purpose of deciding this exception of no cause of action, we shall consider the facts presented.
The facts are these: The plaintiff was, by occupation, a merchant seaman but, unable to find a job in this occupation, he took a job in early 1973 as a maintenance man with the Roosevelt Hotel in New Orleans. On May 1, 1973, plaintiff was assigned to the task of dismantling doors which were quite heavy. One door slipped and he strained himself grabbing for it, but it fell on his right great toe. The plaintiff immediately reported the accident to his employer who sent him to their local doctors on the same day, May 1, 1973. His injury was diagnosed as a fracture of the great right toe; plaintiff was advised to limit his walking and standing. He returned to light duties at the Hotel until May 31, 1973, when he resigned to apply for a job with a local maritime company. As part of his application, he was required to take a physical examination given by the company doctor. On June 5, 1973, plaintiff was examined by the company doctor who informed him that he had a hernia. On June 7, 1973, another doctor diagnosed plaintiff's injury as a left inguinal hernia. On August 8, 1973, plaintiff entered a hospital in Los Angeles, California, where he underwent successful surgery for the relief of the hernia. He was discharged from the hospital on August 11, 1973, and was pronounced fit for work on August 30, 1973. Defendant received notice of the hernia on October 3, 1973.
In considering the above, we can only consider that these are allegations for the purpose of this exception. We note at this point that the statute does not concern itself with allegations necessary to the validity of a petition, but rather to establishing the claim by a preponderance of the evidence in order to permit recovery of benefits. The plaintiff is of course not required to plead his evidence in his petition, but simply to set out sufficient facts and allegations to apprise the defendant of the nature of the claim against him. This we believe the plaintiff to have done in his petition. At the same time, we recognize that unless the facts so pleaded set out a valid cause of action within the requirements of the statutory law, an exception *378 may be validly maintained and the case dismissed without the necessity of attempting proof of unprovable facts.
The jurisprudence has stated that there are three elements which a claimant must establish by a preponderance of evidence in order to recover benefits when a claim is made regarding an inguinal hernia. These elements are: (1) the hernia resulted from injury by accident arising out of and in the course and scope of employment; (2) the accident was reported promptly to the employer; and (3) the employee was attended by a licensed physician within 30 days thereafter. See Womack v. Pickett, 283 So.2d 852 (La.App.2d Cir. 1973); Porter v. Ceco Corporation, 261 So.2d 235 (La.App.4th Cir. 1972).
Considering the factual allegations related above, it is apparent that the accident was reported immediately when it occurred, and that the employee was sent to the company's physician for treatment that same day. The issue made before us is that we should interpret the statute to mean that the word "hernia" is to be substituted in the second requirement for the word "accident", and the word "hernia" be added in the third requirement so it reads that the employee was attended for hernia by a licensed physician. This we are unable to do. The wording of the statute is plain and to interpret it as suggested would cause innumerable problems.
To require that the workman report that he had a hernia rather than simply an accident, would require that he be able to diagnose his own injuries and illnesses. Similarly, we have no evidence before us at this time as to whether the hernia was determinable by the physician to whom the employee was sent or whether an examination for a hernia was actually made. The employee went to the employer's physician and certainly we cannot hold him accountable if that physician failed to discover the entire extent of plaintiff's injuries. We note for example the case of Rivers v. Vancouver Plywood Company, Inc., 280 So.2d 283 (La.App.3rd Cir. 1973) wherein just such problems arose. We have been referred to numerous examples of combinations of injury both by appellant and appellee, and of course we ourselves can think of many more. As we view this matter, the possible combinations of accident in injuries is so varied and widespread, that the Legislature in its wisdom has not imposed upon a claimant the impossible burden of knowing of his own knowledge that he was suffering from a work related hernia, but has imposed the burden of reasonably proving these statutory elements necessary to recovery. We believe the Rivers case, together with the cases of Sensley v. Aetna Casualty & Surety Company, 269 So.2d 473 (La.App.1st Cir. 1972) and the cases of Womack v. Pickett and Porter v. Ceco Corporation, supra, demonstrate that these are factual matters which must necessarily be proven after a trial on the merits.
We are of the opinion that the plaintiff in his case has alleged sufficient facts to bring this matter before the court, and is entitled to an attempt to prove his eligibility for benefits. As to whether his proof can be established by a preponderance of the evidence, that is entirely a different matter and we make no comment thereon. Accordingly, the judgment appealed from, maintaining the exception of no cause of action, is reversed and this matter is remanded to the district court for further proceedings consistent with the views expressed herein. Costs to await the final outcome of the case.
Reversed and remanded.