322 So.2d 390 (1975)
Levina MALBROUX, Plaintiff-Appellant,
v.
Melvin GUICE, Defendant-Appellee.
No. 5209.
Court of Appeal of Louisiana, Third Circuit.
November 20, 1975.
Francis E. Mire, Lake Charles, for plaintiff-appellant.
Jack W. Caskey, Lake Charles, for defendant-appellee.
Before MILLER, WATSON and CUTRER, JJ.
MILLER, Judge.
Plaintiff Levina Malbroux appeals seeking an increase in the award of damages resulting when defendant Melvin Guice's 15 year old son ran a stop sign and drove his motorcycle into the right side of Mrs. *391 Malbroux's 1962 car. We amend to increase the award.
The trial court held Guice's negligence to be the sole cause of the accident and awarded plaintiff the $155 stipulated to be the amount spent to repair her car. Other estimates indicated the cost of repairs would be about $300. The trial court rejected her claim for the $119.48 medical expenses (emergency room treatment, x-ray, medicine, and doctor bills) and her claim for pain and suffering on finding she failed to prove she was injured in the accident. Tr. 15. Mrs. Malbroux's claim for the increase in the award presents the sole issue.
The trial judge based the decision on the minor nature of the impact, the lack of plaintiff's complaints of pain immediately following the 1:45 p.m. July 7, 1974 accident, the lack of objective symptoms of injury, the lack of corroborating lay witnesses supporting plaintiff's claim of great force of the collision, and plaintiff's back injury of November 29, 1973 which was the subject of litigation pending when this accident occurred. That claim was settled prior to trial of the instant case.
The 1973 accident caused a compression fracture of the T-12 vertebra (the lowest of the thoracic vertebrae). The compression fracture healed and plaintiff was discharged by her treating physician on June 5, 1974 about one month before this accident occurred.
About two hours after the 1974 accident, plaintiff reported to the hospital emergency room and sought treatment from the orthopedic surgeon who had treated her for her prior injury. On learning he was on vacation she accepted treatment from the physician on duty at that time. Treatment expenses for X-ray, emergency room, and medications furnished at the emergency room cost $84.10. Neither party called this doctor to testify.
Plaintiff made several attempts to see Dr. Edward W. Phillips, orthopedic surgeon, who had treated her prior injury. On his return from vacation two weeks later, she started treatments with him. He saw her on July 22, August 5, and September 16, 1974 in connection with her complaints relating to the July 1974 accident. After reviewing the x-rays taken at St. Patrick's on the date of the accident, he concluded that "most likely she had sustained a back sprain." He didn't have records, but he ordinarily prescribed muscle relaxants and analgesics. Dr. Phillips was of the opinion that plaintiff's complaints of back pain were not related to her 1973 accident. Tr. 90.
Plaintiff was 5' 2" tall and weighed 196 pounds. Her obese condition made her susceptible to back injuries and retarded the healing process.
We question the trial court's characterization of Mrs. Malbroux's failure to complain of pain immediately following the accident as "delay" in the onset of pain. Plaintiff's delay of two hours before seeking medical treatment was not unusual, particularly considering the seriousness of the injuries sustained by the motorcyclists. Compare Evers v. State Farm Mutual Automobile Ins. Co., 187 So.2d 217 (La.App. 3 Cir. 1966) where there was a two week delay in seeking medical attention.
As to plaintiff's failure to call the doctor who treated her in the emergency room, we noted in Evers, supra, and recently in Muse v. Sentry Ins. Co., 269 So. 2d 609 at 614 (La.App. 3 Cir. 1972) an adverse inference may be drawn from the failure to call a treating physician. But the emergency room doctor was not plaintiff's treating physician. Furthermore this inference may be overcome by positive "sworn testimony." And here, plaintiff's treating physician, Dr. Phillips, was called and testified.
The trial court was particularly impressed with plaintiff's exaggeration of the force of the impact and categorically rejected *392 her claim that she was knocked to the left when the front wheel of the motorcycle struck the front of her right front door. The motorcycle struck her from the right at a 90 degree angle. Although their testimony was somewhat confused because of their injuries, the motorcyclist and his passenger both testified plaintiff's car was not knocked to the left. This was confirmed by a neighbor who testified she saw the accident from a distance although she didn't go to the scene of the accident. We accept the trial court's factual determination that impact did not alter plaintiff's direction. However we find that a minor impact may very well cause a minor back strain to a person predisposed to back injury.
The trial court found no causal connection between the accident and plaintiff's complaints based on inferences. We find these inferences are overcome by Mrs. Malbroux's positive testimony corroborated by her treating physician. Furthermore, Mr. Guice testified he offered to pay plaintiff's medical bills. Tr. 69. He admitted he refused to pay those bills when they were presented. Tr. 76.
Dr. Phillips did not find objective symptoms of disability, but prescribed medication and exercises. He discharged her from treatment on September 16, 1974. After that date plaintiff testified her pain "wasn't too severe"  "was not bad enough to go to bed." Tr. 46.
We award the $119.48 paid as medical expenses to plaintiff. Considering the trial court's appraisal of the minor nature of plaintiff's injuries, we award only $250 for her pain and suffering.
The trial court judgment is amended to increase the award to plaintiff by $369.48, and as amended the trial court judgment is affirmed. All costs of court both at trial and on appeal including expert witness fees are taxed to defendant appellee.
Amended and affirmed.