REDMANN, Judge.
Defendant’s appeal in this workmen’s compensation case questions the sufficiency of proof that an inguinal hernia was work-caused. Plaintiff’s answer seeks penalties and attorney’s fees. We affirm.
Although we have previously ruled on this point, La.App., 301 So.2d 375, defendant would re-urge that notice of the hernia was not timely within La. R.S. 23:1221(4)(q)(l). Because of the “law of the case” policy (see Day v. Campbell-Grosjean Roofing & Sh. M. Corp., 1971, 260 La. 325, 256 So.2d 105), we decline to reconsider our prior ruling.
On the question of causation, we find the evidence sufficient to sustain the trial judge’s conclusion. Plaintiff had often been found hernia-free in pre-employment medical examinations, including one about five months before the accident. The accident “very probably” could have caused the hernia, one expert opined: plaintiff was removing a 40-pound swinging door from a bathroom stall when he dropped it (on his toe), and his straining to hold or catch it could, it was opined, have caused sufficient intra-abdominal pressure for herniation through an already weak inguinal ring. Plaintiff testified that he had no other accident and one could reasonably infer—despite the possibility that herniation through weakened rings could result from non-traumatic strain such as in coughing—that the strain at the accident was the most probable cause. The pain from herniation through stretching a congenitally weak ring is not so great as that from tearing through; and the pain from and pain medication for plaintiff’s broken toe could have somewhat masked what immediate hernia pain there was, so that plaintiff might not have noticed the hernia until a month after the accident, when it was discovered in another pre-employment physical.
There is strong contrary medical testimony which would have supported the opposite result: but we cannot hold the trial judge’s inference insupportable. The contrary testimony does, however, justify defendants’ insistence on judicial determination of causation, and penalties and attorney’s fees were therefore properly refused.
Affirmed.