346 So.2d 1311 (1977)
Donald Glenn DOWDEN, Plaintiff-Appellee,
v.
LIBERTY MUTUAL INSURANCE COMPANY et al., Defendants-Appellants.
No. 5996.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1977.
Rehearing Denied June 24, 1977.
*1312 Stafford, Randow, O'Neal & Smith by Hodge O'Neal, III, Alexandria, for defendants-appellants.
Whitehead & McCoy by Charles R. Whitehead, Jr., Natchitoches, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and ROGERS, JJ.
DOMENGEAUX, Judge.
Plaintiff, Donald Glenn Dowden, sued the City of Natchitoches, Louisiana, and its insurer, Liberty Mutual Insurance Company, for workmen's compensation benefits. He allegedly developed an inguinal hernia during the course and scope of his employment as a police officer for the City of Natchitoches. The district court judge awarded plaintiff compensation for approximately four months based on findings of total temporary disability, in addition to medical expenses and penalties and attorney's fees as provided for by R.S. 22:658. Defendants have taken this appeal. Plaintiff has neither appealed nor answered the appeal. We amend and affirm the holding of the district court.
Plaintiff was injured on May 8, 1976, while taking a subject, Marvin Brice, into custody. Plaintiff and three other officers answered a call for help to quell a disturbance in the Pan-Am section of Natchitoches, Louisiana. The subject Brice was drunk and resisted arrest by hitting and kicking both the plaintiff and his partner, Officer Durr. Cursing accompanied this violent activity. Brice was finally subdued and taken to the police station for booking and interrogation. Plaintiff claims that in the interrogation room Brice delivered a hard kick to his groin which made him so ill that he stayed away from work for several days. Later plaintiff was informed by his doctor that he had an inguinal hernia which needed surgical repair. The surgery was performed and plaintiff was told by his doctor not to return to work until September 1, 1976.
Defendant complains that the trial judge erred in finding plaintiff's injury was caused by an accident occurring in the course and scope of his employment. Even if there was such an accident, defendant further claims that the plaintiff provoked a fight with the prisoner and therefore cannot recover compensation. R.S. 23:1081.[1] *1313 In addition, it asserts plaintiff failed to promptly report his claim, and alternatively if the award stands, it should be modified to reflect sums received by plaintiff for temporary employment with Louisiana Paving Company. Finally, defendant states that penalties and attorney's fees were not in order.[2]
We feel that plaintiff adequately proved his claim. The medical and other evidence satisfies us that a blow to plaintiff's groin area caused the hernia. Although it is not clear from the testimony which particular kick or punch caused the injury to plaintiff, it is not essential for him to pin-point the exact contact which disabled him. It is sufficient within the context of this case that he proved that he was kicked or otherwise hit in the lower abdominal area.
Defendants complain that plaintiff provoked a fight with Brice in the interrogation room which resulted in plaintiff being kicked in the groin. It is obvious to us that the physical abuse delivered by the prisoner prior to this scuffle caused the injury. We are not called upon to nor do we express an opinion regarding the plaintiff's reactions to the prisoner's harassment of him. The record shows that plaintiff was suspended temporarily from the police force for his actions in the later stages of the confrontation. We note here that the plaintiff pleaded guilty to battery charges and received a suspended sentence which was later dismissed. Be that as it may, we feel that this is irrelevant considering our finding that the injury occurred prior to the scuffle in the interrogation room and during the time that plaintiff was acting in the course and scope of his employment. Therefore we find R.S. 23:1081 to be inapplicable in this case.
The proof of plaintiff's case, and of the defense of intent to wilfully injure another are both factual determinations to be made by the trial judge. He has much discretion in the finding of facts and we give great weight to such findings. Canter v. Koehring Company, 283 So.2d 716 at 724 (La. 1973).
Defendants cite R.S. 23:1221(4)(q)(i) which states:
"In all claims for inguinal hernia, it must be established by a preponderance of the evidence that the hernia resulted from injury by accident arising out of and in the course and scope of employment; that the accident was reported promptly to the employer, and that the employee was attended by a licensed physician within thirty days thereafter."
Defendants argue for the first time on appeal that plaintiff did not promptly report the accident to the employer. Plaintiff was injured on May 8, 1976. He consulted a physician on May 16th or May 17th, and reported the injury to Chief Harry Hyams of the Natchitoches City Police Department some time prior to June 4, 1976. This indicates that plaintiff waited some three or four weeks to report the claim. In Womack v. Pickett, 283 So.2d 852 (La.App. 2nd Cir. 1973), the court found that a five week delay did not satisfy the requirement of the statute to report promptly, but also stated:
". . . What constitutes prompt reporting of an accident is a matter which must be determined under the facts of each particular case. In Porter v. Ceco Corporation, 261 So.2d 235 (La.App. 4th Cir. 1972) the court held two weeks was prompt notification, under the facts of that case."
In this instance, the plaintiff did not become aware of the severity of his injury until May 16th. He reported the accident during a time when there was much confusion about his job status, and we cannot say that the delay was unjustifiable. We find *1314 no error in the trial judge's finding under the facts herein, that plaintiff promptly reported his injury as required under the inguinal hernia statute.
The original judgment awarded plaintiff $85.00 per week for the period of May 8, 1976, to September 1, 1976, with 7% per annum interest from the due date of each installment until paid. Defendants note the judge's failure to adjust the award to reflect plaintiff's employment with Louisiana Paving Company, when he was suspended from the police force. Plaintiff acquiesces in this claim. Plaintiff in brief correctly outlined the reduction which should be made in the award according to R.S. 23:1221(3).

"Donald Glenn Dowden
Monthly Earnings
City of Natchitoches $662.00
State Supplement 200.00
 _______
 Total $862.00
Weekly Earnings
$862.00 × 12 ÷ 52 = $198.92
Compensation due while employed with Louisiana Paving
Company
Week ending Earnings
May 22 $106.74
 Compensation due 66 2/3% of $198.92 - $106.74 = $61.46
May 29 $127.31
 Compensation due 66 2/3% of $198.92 - $127.31 = $47.74
June 5 $ 48.60
 Compensation due 66 2/3% of $198.92 - $ 48.60 = $85.00*
June 12 $ 7.50
 Compensation due 66 2/3% of $198.92 - $ 7.50 = $85.00*
* (Limited to maximum of $85.00)

We agree and therefore amend the award for compensation representing the weeks of May 22 and May 29, 1976, to the amounts of $61.46 and $47.74, respectively, and otherwise affirm the compensation award.
Finally, defendants claim that it should not be cast in penalties and attorney's fees. We disagree.
The insurer failed to fully investigate the claim by taking written statements of Chief Hyams and the other officers. It decided not to pay the claim even before it received plaintiff's medical reports. Significantly, it indicated to plaintiff's counsel that the time of plaintiff's disability ran concurrently with the time of his suspension from the police force. Liberty was aware that the other officers had not implicated plaintiff as the aggressor in the scuffle with Brice. Therefore, Liberty had a duty to investigate further before arbitrarily refusing to pay the claim, and we affirm the casting of the statutory penalties and attorney fees (R.S. 22:658), against Liberty Mutual Insurance Company. See Norris v. Southern Casualty Insurance Company, 342 So.2d 874 (La.App. 3rd Cir. 1977) and cases cited therein.
However, an insured employer should not be assessed penalties and attorney fees. R.S. 23:1201.2 and DeJean v. B. F. Trappey's Sons, Inc., 285 So.2d 297 (La.App. 3rd Cir. 1973). We amend the judgment to exempt the City of Natchitoches from the payment of penalties and attorney fees.
For the foregoing reasons, the judgment of the trial court is amended to the extent hereinabove shown, and is otherwise affirmed.
Costs of this appeal to be paid by appellant.
AMENDED AND AFFIRMED.
NOTES
[1] "No compensation shall be allowed for an injury caused (1) by the injured employee's wilful intention to injure himself or to injure another or (2) by the injured employee's intoxication at the time of the injury, or (3) by the injured employee's deliberate failure to use an adequate guard or protection against accident provided for him or (4) by the employee's deliberate breach of statutory regulations affecting safety of life or limb.

In determining whether or not an employer should be exempt from and relieved of paying compensation because of injury sustained by an employee for the causes and reasons set forth in this Section, the burden of proof shall be upon the employer."
[2] Defendant also claims that plaintiff failed to call an essential corroborating witness, Dr. Kaufman, who advised him only once and then on a casual basis. We feel this contention is without merit and does not affect the adequacy of plaintiff's proof. See Malbroux v. Guice, 322 So.2d 390 at p. 391 (La.App. 3rd Cir. 1975).