SAMUEL, Judge.
Defendant employer and its compensation insurer appeal from a judgment awarding plaintiff workmen’s compensation benefits of $65 per week for nine weeks and $265 for medical expenses over and above benefits already paid.
These facts are uncontested: Plaintiff was injured in the course and scope of his employment by the defendant, Belden Concrete Products, on November 13, 1974 when he was struck on the shoulder by a heavy piece of iron. On the day of the accident, he was seen in the emergency room at Ochsner Foundation Hospital by Dr. Gerald L. Davis, an orthopedic surgeon. He was treated by Dr. Davis until he was discharged as able to return to work on February 3, 1975. He was paid compensation benefits of $65 per week from the date of the accident until his discharge by Dr. Davis.
At the trial plaintiff’s only evidence for further compensation was his own testimony and a bill for $265 from a Dr. Henry M. Evans. Defendant introduced the testimony of Alvin Brown, a foreman (whose testimony is not pertinent to the issues before this court) and the medical report of Dr. Davis. The trial court held the matter open for the purpose of receiving the depositions of Dr. Irving Redler, an orthopedic surgeon, who examined plaintiff for defendant on one occasion, January 24, 1975, and Dr. Evans, plaintiff’s physician. The deposition of Dr. Redler was received but no deposition [or medical report] was introduced relative to Dr. Evans. Having thus taken the matter under advisement, the trial court awarded plaintiff nine weeks compensation from February 3, through April 6,1975 and medical expenses of $265. Plaintiff testified on April 5, 1975 he was discharged by Dr. Evans, a physician of his own choice, whom he had seen after being discharged by Dr. Davis.
In this court appellants contend: (1) The matter has prescribed; and alternatively, (2) plaintiff failed to prove his inability to work after February 3, 1975.
Relative to appellants’ first contention, the same issue of prescription was here on plaintiff’s appeal from a judgment maintaining defendant’s exception of prescription. We overruled the exception and remanded the matter for a trial on the merits.[1] The issue of prescription having been determined by us, that determination is final as to this court.
We agree with appellants’ second contention. The evidence in the record is insufficient to support a judgment for compensation beyond the date of plaintiff’s discharge by Dr. Davis.
Plaintiff’s unexplained failure to call Dr. Evans as a witness creates a presumption that the witness’ testimony would be unfavorable to the plaintiff.[2] Dr. Evans was plaintiff’s personal and treating physician who possessed peculiar knowledge of material facts pertinent to a resolution of this litigation. We recognize that no presumption would arise where the case was held open for the purpose of taking the doctor’s deposition (see Trahan v. Travelers Insurance Company, La.App., 241 So.2d 609), but the fact that the deposition was never taken prior to judgment does not therefore overcome the presumption. Nor is the adverse inference here overcome by other sworn testimony.[3]
Plaintiff’s own testimony, in addition to being self-serving, is vague, confusing and inconclusive; in all parts pertinent hereto it is entirely unsupported by any other evidence. Dr. Evans’ itemized bill for services *457 from November 30 through April 5, contains no information relating it to this accident or to any injuries in particular and offers no opinion or prognosis.
Dr. Davis’ deposition states he saw plaintiff the day of the accident. X-rays of the shoulder joint and neck revealed no fractures, nor was there evidence of any motor loss. The left arm was placed in a sling and heat and rest were ordered. Plaintiff returned the next day. The sling was removed and heat and exercises were recommended three times daily. Plaintiff was reexamined November 22, December 4, and 26, 1975, January 16, and February 1, 1976. On each occasion he complained of pain in the shoulder and inability to lift his arm past 90°, but the doctor found no medical evidence to support these complaints. He recommended plaintiff see another physician because he had nothing further to offer as to future care or diagnosis. He had suggested an electromyogram but plaintiff refused to have a needle stuck in his arm.
From Dr. Davis’ deposition, we find plaintiff was uncooperative, an “impassive individual . . . just sits there complaining of pain in the left shoulder.” The doctor concluded plaintiff was not actively interested in strengthening his shoulder or else his pain pressure was so low he was unable to exercise voluntarily.
We note that plaintiff is 23 years old, 6 feet 3 inches tall, weighs 170 pounds and had no trouble finding laboring jobs in construction work after the accident, although he was not rehired by the defendant-employer.
Dr. Redler’s deposition states he found no abnormality in plaintiff’s shoulder following examination and x-rays of January 24, 1975. He was of the opinion plaintiff deliberately resisted efforts to raise his arm beyond 90°. There was no deformity of the shoulder or the arm and the circumference of each arm was similar, indicating no shrinkage or atrophy and that plaintiff was using his left arm as much as his right arm.
In Dr. Redler’s opinion there was no evidence of disability to support plaintiff’s continued complaints of pain in his left shoulder. Thus, the results of Dr. Redler’s examination and Dr. Davis’ conclusion that plaintiff could return to work on February 3,1975, constitute the only competent medical evidence in the record. Nor does plaintiff’s own unsupported testimony establish to our satisfaction that he was disabled beyond that period for which he was paid by the defendants.
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of defendants, Belden Concrete Products, A Division of Marine Concrete Structures, Inc., and United States Fidelity and Guaranty Company, and against plaintiff, Frederick Youngblood, dismissing plaintiff’s suit at his cost in both courts.

REVERSED.

PER CURIAM.
In an application for rehearing, the defendants-appellants call our attention to the fact that our decree erroneously refers to them as “Belden Concrete Products, a Division of Marine Concrete Structures, Inc. and United States Fidelity and Guaranty Company”. The application seeks no other relief. We find we were in error as stated by the defendants-appellants. Accordingly, our original decree is corrected to read as follows:
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of defendants, Marine Concrete Structures, Inc., Belden Concrete Products Division, and Fidelity and Guaranty Insurance Company, and against plaintiff, Frederick Youngblood, dismissing plaintiff’s suit at his cost in both courts.

. Youngblood v. Belden Concrete Products, La. App., 349 So.2d 439. Defendants applied for writs to the Supreme Court which were denied because the matter was not final.

. Vidrine v. Sentry Indem. Co., La.App., 341 So.2d 558; Malbroux v. Guice, La.App., 322 So.2d 390; Scroggins v. Fishing Tools, Inc., La.App., 236 So.2d 505; Evers v. State Farm Mutual Automobile Ins. Co., La.App., 187 So.2d 217; Stockstill v. Barge Thompson Corporation, La.App., 184 So.2d 98.

.See Malbroux v. Guice, supra, note 2; Evers v. State Farm Mutual Automobile Ins. Co., supra, note 2.