GARSAUD, Judge.
An exception of prescription was filed prior to submission of the case by defendant-appellant Pellerin Milnor Corporation on January 11, 1978, the date this Court heard oral arguments on this appeal. The exception is based on the finding of fact by the trial court that the accident involved occurred on January 24, 1975, the injury, a hernia, was first diagnosed on February 15, 1975, and suit was not filed until February 19, 1976.
Ordinarily a suit for workmen’s compensation must be filed within one year of the date of the accident or of the last compensation payment or salary paid as a gratuity in lieu of compensation. R.S. 23:1209. Suit was not filed within one year of the date of the accident here, and there was no show *319 ing that plaintiff did not earn his wages during the period of time in question. Thus, there were no wages in lieu of compensation.
It is our view that this case is controlled by Points v. D. H. Holmes Co., Ltd., 260 So.2d 362 (La.App.4th Cir. 1972), wherein it was held that in a workmen’s compensation case arising from a hernia, the one-year prescriptive period begins to run when plaintiff is first advised by the physician of the hernia condition. Here, the plaintiff was advised of the hernia, and admits being so advised, on February 15, 1975, when examined by Dr. Andres Pedrosa. Furthermore, the physician to whom Dr. Pedrosa referred plaintiff immediately advised him that surgery was necessary. Plaintiff’s brief indicates that plaintiff became “aware of his injury” on that day. Accordingly, as more than one year has elapsed since the plaintiff became aware of his injury here, we have no alternative but to maintain the exception of prescription.
The exception is maintained and the plaintiff’s suit is dismissed.

EXCEPTION MAINTAINED, SUIT DISMISSED.