SCHOTT, Judge.
This appeal is from a judgment awarding plaintiff workmen’s compensation benefits for total and permanent disability resulting from a hernia sustained by plaintiff in January, 1975. Appellants are the employer and its insurer.
The case was previously before another panel of this court on an exception of prescription filed by defendants. In the original opinion the court maintained the exception on the basis that the filing of the suit on February 19, 1976, was too late because plaintiff was advised by a pediatrician on February 15, 1975, that he had a hernia. On rehearing, the court annulled the original decision and remanded the case to the trial court for further evidence including the testimony of the pediatrician. Angeli v. Pellerin Milnor Corp., 358 So.2d 318 (La. App. 4th Cir. 1978). After a trial on remand the trial court overruled the exception of prescription and the case is now before us on both the prescription issue and the original judgment awarding plaintiff benefits for total and permanent disability.
On the prescription issue defendants first question the procedure followed by the trial court in rendering a judgment on the exception. They interpret language in our previous opinion “that it would be appropriate ... to remand to the trial court for presentation of evidence on the plea of prescription ” (Emphasis added) to mean that the trial judge was to compile a record but render no judgment on the exception.
This argument overlooks the last sentence of our previous opinion wherein we *1048 remanded the matter “for a trial on the exception” which obviously calls for an adjudication. Furthermore, the trial on remand consisted of the testimony of Dr. Pe-droza which was critical to a determination of the issue and the evaluation of his credibility was essential to a decision. Obviously, this was the function of the trial court and not of this court.
Defendants’ principal argument on the prescription issue is that plaintiff was advised on February 15,1975, by Dr. Pedro-za that he had a hernia, bringing the case squarely within the holding of Points v. D. H. Holmes Co., 260 So.2d 362 (La.App. 4th Cir. 1972). At one point during his cross-examination plaintiff testified that Dr. Pedroza talked to him on February 15:
“He told me he saw I had a hernia, and he told me that he wad going to send me to another doctor, a specialist doctor.”
However, Dr. Pedroza testified unequivocally that he did not diagnose a hernia, that the inguinal rings were open which caused him to consider a possibility of a hernia, and that he referred plaintiff to Dr. Fernandez for a definitive diagnosis. He specifically denied telling plaintiff that he had a hernia although he may have told him that a hernia was possible.
We are confronted with a clear cut determination based on credibility. The trial judge was impressed with plaintiff’s language difficulty (he is from Honduras and prefers Spanish) and his erroneous report of what Dr. Pedroza told him is explained by the language problem. Since plaintiff was not advised by Dr. Fernandez until February 27, 1975, his suit filed on February 19, 1976, was not barred by prescription and the Points case is inapplicable.
On the merits of the case, defendants contend first that plaintiff did not prove that the injury was incurred during the course and scope of his employment. On this issue the trial judge made these findings: Plaintiff’s duties required him to pick up machine housings weighing 70 to 80 pounds and to assist their movement along a conveyor; in early 1975 plaintiff felt pain in his groin area while pushing a machine; while no one could provide the exact date of injury, the employer’s first report of work injury indicates January 22 to 24, 1975, as the date.
The trial judge referred to the testimony of Dr. Fernandez that the hernia’s onset was a gradual thing, probably over a period of weeks or months while it developed and concluded that the accident was within the course and scope of plaintiff’s employment. Since this factual conclusion is supported by the evidence and the reasonable inference that plaintiff probably injured himself while performing this heavy work, such conclusion will not be disturbed by this court.
Defendants next contend that plaintiff was not totally and permanently disabled within the meaning of the compensation statute as it existed in 1975. Dr. Fernandez recommended that plaintiff not return to the heavy work he was doing but be restricted to light work instead. He discussed the poor quality of plaintiff’s muscle tissues and stated that plaintiff was highly vulnerable to reinjury. Furthermore, the trial judge specifically found that plaintiff suffered substantial pain in trying to work as plaintiff testified. The inability of an employee to perform the same duties as he performed prior to his injury except in substantial pain rendered him disabled under the former compensation law.
Finally, defendants contend that plaintiff was disqualified from benefits by his failure to report the accident promptly and seek medical treatment in accordance with R.S. 23:1221(4)(q). In Graver v. Zeeman Enterprises, Inc., 362 So.2d 1228 (La. App. 4th Cir. 1978), we held that an employee who sought medical attention almost ten weeks after the date of the injury was not precluded from recovery because it was reasonable that plaintiff did not realize he had the hernia even though he had pain and discomfort in his groin. Similarly, plaintiff is the instant case testified that he experienced many aches and pains after a day’s work but he had no specific pain in his groin until he spoke to Dr. Pedroza. He *1049 testified that he had previously noticed some swelling but no pain in the groin. The record does not show that plaintiff knew or should have known he had a hernia on January 24,1975, or earlier. It is significant that even after Dr. Fernandez diagnosed the hernia a company physician examined plaintiff and did not diagnose a hernia. Thus, it would be unreasonable to require plaintiff to report a hernia injury and seek medical attention within thirty days after January 24 when the hernia could not be clearly diagnosed by a physician much less by himself.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.