283 So.2d 852 (1973)
John D. WOMACK, Plaintiff-Appellant,
v.
Earl PICKETT, Defendant-Appellee.
No. 12133.
Court of Appeal of Louisiana, Second Circuit.
September 11, 1973.
Rehearing Denied October 10, 1973.
Writ Refused November 16, 1973.
*853 Bethard & Bethard, by Henry W. Bethard, III, Coushatta, for plaintiff-appellant.
Theus, Grisham, Davis & Leigh by J. Bachman Lee, Monroe, for defendant-appellee.
Before BOLIN, PRICE and HALL, JJ.
En Banc Rehearing Denied October 10, 1973.
HALL, Judge.
Plaintiff as administrator of the estate of his minor child, Johnny Ray Womack, sued Earl Pickett for workmen's compensation benefits allegedly due as a result of Johnny Ray having sustained an inguinal hernia while employed at defendant's service station in Calhoun, Louisiana. The district court rejected plaintiff's demands and he appealed. For the reasons hereinafter expressed, we affirm the judgment of the district court.
Recovery of benefits for an inguinal hernia is governed by LSA-R.S. 23:1221(4)(q) which provides in part as follows:
"(1) In all claims for inguinal hernia, it must be established by a preponderance of the evidence that the hernia resulted from injury by accident arising out of and in the course and scope of employment, that the accident was reported promptly to the employer, and that the employee was attended by a licensed physician within thirty days thereafter."
*854 The statute sets forth three elements which a claimant must establish by a preponderance of the evidence in order to recover benefits when a claim is made regarding an inguinal herina. These elements are:
(1) The hernia resulted from injury by accident arising out of and in the course and scope of employment;
(2) The accident was reported promptly to the employer; and
(3) The employee was attended by a licensed physician within thirty days thereafter.
The trial judge did not render written reasons for judgment and, therefore, we have no way of knowing the basis of his decision rejecting plaintiff's demands. Our review of the evidence leads us to the conclusion that plaintiff established by a preponderance of the evidence that his son's injury resulted from an on-the-job accident, but failed to establish that the accident was reported promptly to the employer.
Mr. and Mrs. Pickett owned and operated a service station and adjoining grill in Calhoun. Mrs. Pickett was primarily in charge of operating the station and their son, Murphy Pickett, served as manager of the station during most of the period in question. Johnny Ray Womack, who was eighteen years of age at the time, went to work as an attendant at the service station in June, 1971. Johnny Ray testified that on July 6, 1971, he was loading a heavy electric cement buffer or scrubber into the trunk of Murphy Pickett's automobile when he experienced a burning or stinging sensation in his groin on the left side. He testified he told a co-employee, Mike Calhoun, about the injury within the next day or so. Calhoun verified that Johnny Ray told him he hurt himself lifting something. Johnny Ray conceded he never told Mr. or Mrs. Pickett or Murphy Pickett about the injury or that he was injured on the job. He gave as his reason for not telling them that he wanted to continue to work for them. He did complain on numerous occasions to his sister and brother-in-law, who were also employed at the station and grill and lived in a trailer behind the establishment, that he was having pain in his side. Johnny Ray testified he hurt almost continuously and particularly in the mornings when he got up.
During August, Johnny Ray was living with his sister and brother-in-law in the trailer. On Thursday, August 12, Johnny Ray and his relatives decided he should go home to Coushatta to see about the injury and Mrs. Pickett was advised he was being taken home because he was hurting.
Johnny Ray was examined by Dr. Jackie Huckabay at Coushatta on Monday, August 16. Dr. Huckabay diagnosed his injury as a left inguinal hernia. At the time of the examination, Johnny Ray told Dr. Huckabay he was ruptured on the job while lifting a heavy electric cement scrubber. Dr. Huckabay recommended an operation and was of the opinion Johnny Ray should not do any type of manual labor until he had the operation.
On Monday, August 16, the brother-in-law told Mrs. Pickett a suit was going to be filed against them because of the injury to Johnny Ray. This was the first notice of any kind to the Picketts that there was any claim of an on-the-job accident.
Murphy Pickett and Mike Calhoun testified they did not witness the accident. Both testified that to the best of their recollection, the concrete scrubber which had been rented from a firm in Ruston was loaded into a pickup truck, not an automobile, by Pickett and Calhoun, not by Johnny Ray.
While the evidence is close, we conclude it is established by a preponderance of the evidence that Johnny Ray was injured in an on-the-job accident. The occurrence *855 of an on-the-job accident can be established by the testimony of the claimant alone, when corroborated by surrounding circumstances. Johnny Ray's testimony is corroborated by the fact that he told his co-employee soon after it happened he had hurt himself lifting something, by his continuing complaints of pain from the alleged date of the accident until he was finally examined by a doctor, and by the fact that the heavy buffer was actually used at the station on the date in question and was loaded and returned to the rental firm. Weighing against Johnny Ray's version is his failure to report the accident to his employers, but his explanation of the failure is plausible. Also weighing against his testimony is the failure of Murphy Pickett and Mike Calhoun to recall Johnny Ray assisting in loading the buffer and their recollection it was loaded into a truck and not a car. However, they had no reason to attach any significance to this routine undertaking in the course of a day's work until more than a month later and it is to be expected that their recollection might not be entirely accurate. Further, if Johnny Ray's version is a fabrication, it is reasonable to assume he would not have related his injury to an activity in which he was not engaged when, by the nature of his work, he must have been involved in other heavy lifting activities daily.
Plaintiff's case must fall, however, because the evidence affirmatively establishes the accident was not reported promptly to the employer. The employer received no notice of the accident until at least five weeks after it happened. What constitutes prompt reporting of an accident is a matter which must be determined under the facts of each particular case. In Porter v. Ceco Corporation, 261 So.2d 235 (La.App. 4th Cir.1972) the court held two weeks was prompt notification, under the facts of that case. In the instant case, Johnny Ray was aware of his injury from the date of the accident, although he may not have been aware of the true extent and nature of the injury. If the requirement of the statute adopted by the Legislature is to be given any meaning or effect, then we must hold five weeks did not constitute a prompt reporting of the accident. Perhaps the statute has a salutary purpose and perhaps the statute facilitates the disposition of hernia cases in which the problems of proof or disproof are often vexatious. However, we are compelled to note that in this case, although close on the evidence, the claimant is being denied recovery of workmen's compensation benefits even though the preponderance of the evidence is that he was injured in an on-the-job accident.
The statute is specific in its requirements for recovery in a claim for inguinal hernia. All of the requirements have not been met and, therefore, compensation benefits are not payable.
Plaintiff contends that since Johnny Ray was a minor when the accident occurred, the time limitations for reporting the accident and attendance by a physician do not apply because of the provisions of LSA-R.S. 23:1234:
"In case an injured employee is mentally incompetent or a minor or, where death results from the injury, in case any dependent as herein defined is mentally incompetent or a minor at the time when any right, privilege or election accrues to him under this Chapter, his duly qualified curator or tutor, as the case may be, may, in his behalf, claim and exercise such right, privilege or election, and no limitation of time, in this Chapter provided for, shall run, so long as such incompetent or minor has no curator or tutor, as the case may be."
We hold that the provisions of LSA-R.S. 23:1234 do not apply to the requirements of prompt reporting and attendance by a physician contained in R.S. 23:1221(4)(q)(1). The words "limitation *856 of time" as used in Section 1234 refer to prescription or peremption, that is, the time for asserting rights under the workmen's compensation act. The requirements of Section 1221(4)(q)(1) are not limitations of time in the sense of prescription or peremption, but are standards of proof or evidentiary rules and apply to all claims involving an inguinal hernia, whether the claimant be a minor or a major.
For the reasons assigned, the judgment of the district court rejecting plaintiff's demands is affirmed, at plaintiff-appellant's cost.
Affirmed.