362 So.2d 1228 (1978)
Nathan GRAVER
v.
ZEEMAN ENTERPRISES, INC. and Barry Manufacturing Company.
No. 9566.
Court of Appeal of Louisiana, Fourth Circuit.
September 12, 1978.
*1229 Montgomery, Barnett, Brown & Read, Kenneth V. Faherty, Edward A. Rodrigue, Jr., New Orleans, for defendants-appellants.
Jacob L. Karno, Metairie, Robert A. Caplan, New Orleans, for plaintiff-appellee.
Before SAMUEL, SCHOTT and GARRISON, JJ.
GARRISON, Judge.
Plaintiff-appellee, Nathan Graver, instituted this workmen's compensation suit against his former employer, Barry Manufacturing Co., and Zeeman Enterprises, Inc., of which Barry is a subsidiary, on December 23, 1976. He sought total and permanent disability benefits under the Louisiana Workmen's Compensation Act as a result of a bilateral inguinal hernia suffered on December 24, 1975, for which surgical repair was performed on May 10, 1976. In addition, plaintiff sought a total of $3,522.80 in medical expenses.
Defendants filed a motion for summary judgment based on plaintiff's failure to comply with R.S. 23:1221(4)(q) according to the allegations of his own petition. The trial judge denied the summary judgment.
The case was then heard on the merits, and judgment was rendered in favor of plaintiff, ordering defendants Barry Manufacturing and Zeeman Enterprises to pay workmen's compensation benefits to plaintiff at the rate of $85.00 per week for 20 weeks (from May 12, 1976 to September 30, 1976). The award also included $3,261.00 in medical expenses and $300.00 in expert witness fees. Defendants Barry Manufacturing and Zeeman Enterprises have appealed from that judgment.
Defendants allege error on the part of the trial court in finding that plaintiff had complied with the reporting requirements for inguinal hernia, found in R.S. 23:1221(4)(q)(i). That statute reads as follows:
"In all claims for inguinal hernia, it must be established by a preponderance of the evidence that the hernia resulted from injury by accident arising out of and in the course and scope of employment; that the accident was reported promptly to the employer, and that the *1230 employee was attended by a licensed physician within thirty days thereafter."
Plaintiff was employed at Barry Manufacturing as a salesman of men's clothing. He alleges that he injured himself ("felt a spring") while attempting to lift two boxes full of clothing on December 24, 1975.
According to plaintiff's petition, and his testimony in deposition and at trial, he felt pain and noticed a mass in the inguinal area of his groin. However, he testified that he did not realize the severity of his injury and thought it was just a strain or sprain that would go away by itself. Consequently, he did not report the incident to his employer or seek medical attention. Over the next two months, the masses became larger and more painful, so that on March 10, 1976 he finally consulted Dr. Thornhill, who diagnosed bilateral inguinal hernias and recommended surgery.
Upon learning this diagnosis, the plaintiff testified, he informed Mr. Cecil Bagelman at work the next day. The manager, Mr. Biller, was not in that day, but Graver assumed Mr. Bagelman would inform him. Although Mr. Biller testified that Mr. Bagelman had no supervisory authority, and was merely another salesman, apparently Bagelman gave the impression of "being in charge" when Biller was out. Mr. Bagelman testified that he did not recall Graver informing him of the hernia until sometime in April, after Graver had been fired because of a disagreement with Biller. He only remembered Graver coming by his house to tell him that he was suing Barry Manufacturing and wanted him to be a witness.
After the surgical repair, plaintiff Graver had considerable trouble with pain and swelling in the scar areas. In addition, plaintiff complained of numbness in the area until almost one year after surgery. Plaintiff was hospitalized in July 1976 for a non-disabling kidney problem, but was hospitalized again in September for lung cancer. Dr. Blitz testified that this malignancy and general poor health would prevent Graver from returning to work. Consequently, this September date was the date used by the trial judge for termination of disability benefits.
The trial court's findings of fact regarding the occurrence of a work-related injury and the reasonableness of Graver's reporting to Mr. Bagelman are not manifestly erroneous, and thus should not be disturbed. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Defendants' major contentions are that plaintiff failed to promptly report his injury to his employer and clearly did not seek medical attention within thirty days of the injury. In support of their position, defendants cite the case of Womack v. Pickett, 283 So.2d 852 (La.App. 2nd Cir. 1973), writ refused Nov. 16, 1973, wherein the Second Circuit Court of Appeal held that an employee, by not reporting the injury to the employer until five weeks after it had occurred, had failed to meet the statutory requirement that such injuries be "reported promptly to the employer," and could not recover.
However, the Womack case, to begin with, was a situation opposite to that of the instant case. There the trial court had found against the plaintiff and, therefore, in reaching its conclusion the Second Circuit necessarily was giving weight to the trial court's discretion as a finder of fact. In the instant case, the trial court had found in favor of the plaintiff so that, applying here the same established test for factual review, that inferential contributing rationale of the Womack case constitutes at the outset some support for the plaintiff Graver's position.
Moreover, the Womack casewhich appellants citeprovides additional support for the plaintiff in the instant case. The court therein stated, "What constitutes prompt reporting of an accident is a matter which must be determined under the facts of each particular case." 283 So.2d at 855.
Even further support for Graver, with particular reference to an inguinal hernia, is found in the following additional language from Womack: "The requirements of Section 1221(4)(q)(i) are not limitations *1231 of time in the sense of prescription or peremption, but are standards of proof or evidentiary rules . . . ." [Italics supplied.] 283 So.2d at 856.
In the instant case, almost ten weeks passed between the date the injury occurred and the time plaintiff sought medical attention and reported the diagnosis to Mr. Bagelman. Plaintiff contends that he was not aware that he had sustained a hernia or other serious injury, but thought that the "strain" would disappear on its own. It should be noted at this juncture that plaintiff was a 67-year-old man with only a seventh-grade education. It is reasonable that plaintiff would not realize he had a hernia or other permanent or serious problem.
This would appear to vitiate plaintiff's delay, particularly under the doctrine that the "accident" and resulting pain itself are not necessarily determinative. Rather, in such cases, the applicable time is when it becomes apparent to the employee or to his employer that he is unable to perform his work. Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218 (1952); Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522 (1956); Bourgeois v. Brown & Root, Inc., 303 So.2d 217 (La.App. 4th Cir. 1974); Hobley v. Phoenix of Hartford Insurance Company, 233 So.2d 589 (La.App. 4th Cir. 1970); Lindsey v. Hartford Accident & Indemnity Company, 175 So.2d 831 (La.App. 3rd Cir. 1965).
The plaintiff should not be penalized for trying to carry out the duties of his employment for as long as he could. He is not obligated to diagnose and determine the seriousness of his injuries. The duty to report promptly could not arise until he was aware or should have been aware of the nature and cause of his injury.
It is, of course, fundamental that all provisions of the Workmen's Compensation Act are to be construed liberally in favor of the claimant. Applying such a construction in this case, and giving due weight to the trial court's discretion, it is our conclusion that the disposition of this case by the court below was proper. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.