383 So.2d 337 (1980)
Sidney W. FREECHOU
v.
THOMAS W. HOOLEY, INC. and Travelers Insurance Company.
No. 65553.
Supreme Court of Louisiana.
April 7, 1980.
Rehearing Denied May 19, 1980.
*338 James J. Morse, Law Offices of James J. Morse, New Orleans, for defendants-respondents.
Ira J. Middleberg, Miranne & Miranne, New Orleans, for plaintiff-applicant.
CALOGERO, Justice.[*]
Plaintiff in this workman's compensation suit alleged that he sustained an inguinal hernia in an accident while working. Summary judgment for defendant in the district court was affirmed in the Court of Appeal.
Sidney W. Freechou was employed by Thomas W. Hooley, Inc. on November 19, 1976. On that date, Freechou alleges that while carrying a heavy cylinder of gas across a set of railroad tracks he slipped and felt a pull in the lower left side of his groin. He alleges that this incident caused an indirect inguinal hernia. Plaintiff further alleges that he reported the incident to his employer the next working day, Monday, November 22, 1976. He was not seen by a physician, nor did he receive medical treatment of any kind until March 4, 1977, some three months after the accident.
Defendants, Hooley and their insurance carrier Travelers, filed a motion for summary judgment based upon R.S. 23:1221(4)(q)(i), and relying upon the fact that the plaintiff was not attended by a physician within thirty days of the accident. The trial court granted the motion and dismissed the suit. The Court of Appeal affirmed the ruling of the trial court.
We granted writs to determine whether, as a matter of law, a workman who suffers an inguinal hernia from an accident occurring in the course and scope of his employment is barred from recovering for that injury under R.S. 23:1221(4)(q)(i) because he is not attended by a physician within thirty days after promptly reporting the accident to his employer. Freechou v. Hooley, 376 So.2d 326 (1979).
Because of the occasional difficulty encountered by the courts in determining whether the hernia occurred within the course and scope of the employment, R.S. 23:1221(4)(q)(i) was added to the Workmen's Compensation Act by Acts 1968 (Ex. Sess.) No. 25. Guillory v. Farrar, 182 So.2d 158 (La.App. 3rd Cir. 1966). That statute provides:
"In all claims for inguinal hernia, it must be established by a preponderance of the evidence that the hernia resulted from injury by accident arising out of and in the course and scope of employment; that the accident was reported promptly to the employer, and that the employee was attended by a physician within thirty days thereafter."
We are called upon in this case to interpret and apply this statute. At the outset, we recognize that the purpose of the Workmen's Compensation Act is to provide the employee with prompt compensation for any "personal injury by accident arising out of and in the course of his employment," unless such compensation is specifically excluded. R.S. 23:1031.
R.S. 23:1221(4)(q)(i), interpreted most favorably to defendant, is not in keeping with that general purpose for it speaks of requirements more stringent than simply a showing of injury suffered in the course and scope of employment.
While we are constrained to interpret this statute only in a reasonable fashion we are nonetheless also cognizant of our obligation to construe the compensation statutes liberally *339 in favor of finding coverage, whether to defeat a tort suit or to afford compensation to the injured employee. Danielson v. Security Van Lines, Inc., 245 La. 450, 158 So.2d 609 (1963); Johnson v. Cabot Carbon Co., 227 La. 941, 81 So.2d 2 (1955); and Leblanc v. Commercial Union Assurance Co., 349 So.2d 1283 (La.App. 1st Cir. 1977).
The Court of Appeal in this case held that the thirty day limitation in the statute (in addition to the requirement for prompt reporting) is a "standard of proof" which must be met by the workman making a claim for an inguinal hernia, and that absent plaintiff's meeting the standard or establishing such proof, the claim is to be barred. We do not agree with this interpretation of the statute for it would lead to irrational and unjust results in some situations if so applied.
R.S. 23:1221(4)(q)(i)'s language is that, "In all claims for inguinal hernia, it must be established by a preponderance of the evidence that . . . ." The statute does not directly assert that it is the plaintiff, or workman, who must "establish by . . . preponderance" the prompt report and attendance by a physician within thirty days; nor does it specify the consequence of failure in this respect. In other sections of the Workmen's Compensation Act, the Legislature has been quite specific where they have chosen to bar a workman's claim absent his compliance with certain statutory requirements. For example, R.S. 23:1031.1(E) provides, "All claims for disablement arising from an occupational disease are forever barred unless the employee files a claim with his employer within four months...; "Section F of that same statute provides, "All claims for death arising from an occupational disease are forever barred unless . . .;" and R.S. 23:1291 provides, "No proceeding under this Chapter for compensation shall be maintained unless...." Standing alone, this argument, that the statute does not unequivocally place upon the employee the burden of prompt reporting and seeing to attendance by a physician, would perhaps be insufficient to support a conclusion that the statute is ambiguous, for the argument can be made that the statute implies that these are the claimant's burdens. Along with other considerations, however, the aforestated argument does indeed lend support to the conclusion that the statute is ambiguous.
The principal consideration, and a compelling reason for concluding that the statute is ambiguous, is the irrational and unjust result which would follow defendant's construction in some fact situations including the one in the present case. Here the accident was reported promptly to the employer, for plaintiff reported his late afternoon accident on the morning of the immediately succeeding work day. It was not evident to him at that time that he had suffered a disabling injury or inguinal hernia.[1] Nor was the workman's condition so immediately disabling as necessarily to require medical attention to facilitate his continued working.[2] If we were to accept defendant's construction of the statute (that the workman's claim is barred if he is not seen by a physician within thirty days of the accident), then in this case plaintiff's claim would be barred before he ever discovered that he sustained the injury.
Furthermore, a workman who fails or neglects to report an accident immediately may be in a better position than one who does report it immediately. This is so because *340 the workman need only report the accident "promptly," followed by the thirty days for attendance by a physician. Thus, a plaintiff like the one in Graver v. Zeeman Enterprises, Inc., 362 So.2d 1228 (La.App. 4th Cir. 1978) whose report was found to have been prompt when made some ten weeks after the accident, would not be barred although seen by a physician some twelve weeks post accident, while a workman reporting the accident immediately and not seen by a physician within thirty days thereafter would be barred less than five weeks post accident.[3]
The apparent purpose of the statute is to facilitate early diagnosis and avoidance of the sometimes vexatious proof problems in hernia cases. This purpose is served by the workman's prompt report of the accident and the employer's consequent opportunity to require the workman's attendance by a physician. After prompt notification of the accident, the responsibility for insuring the workman's attendance by a physician within thirty days is equally, if not more so, that of the employer. To place the entire burden upon an employee, promptly reporting an accident, to attend a physician of his choice at his own initial cost within thirty days of the report (even though he may not be aware of his injury) under threat of barring his claim, is to invite an employer to desist from sending the workman to a doctor, with his reward being the avoidance of compensation liability. Such an irrational and unfair situation could not have been the intention of the legislature. Furthermore, this is at variance with the employer's obligation under R.S. 23:1122,[4] to cause an examination of an injured workman immediately upon receiving knowledge or notice of the accident.
There is little doubt in our view, that R.S. 23:1221(4)(q)(i) is ambiguous for the reasons expressed hereinabove. And, "Where a statute is ambiguous and susceptible of two constructions, the courts will give that construction which best comports with the principles of reason, justice, and convenience, for it is to be presumed that the legislature intended such exceptions to its language as would avoid its leading to injustice, oppression, or absurd consequences." State v. Standard Oil Company of Louisiana, 188 La. 978, 178 So. 601 (1937); and Flanagan v. A L & W Moore Trucking Contractors et al., 100 So.2d 289 (La.App. 2nd Cir. 1958), writs denied.
Finding need therefore to apply the statute and to interpret it in a manner which is consistent with logic and the presumed fair purpose and intention of the Legislature in passing it, we interpret R.S. 23:1221(4)(q)(i) to mean that the workman must prove in any claim for an inguinal hernia by preponderance of the evidence that the hernia resulted from injury by accident arising out of and in the course and scope of employment; that the accident was reported promptly to the employer; and that he was attended by a physician within thirty days of such prompt report if *341 timely advised or instructed to do so by his employer.
We so construe the statute and therefore find it unnecessary to examine plaintiff's contentions regarding equal protection and due process.
Applying the statute as interpreted herein, plaintiff's claim is not to be barred since, on the pleadings, he was never instructed or advised by his employer to see a physician. Therefore the summary judgment in favor of defendant is not in order.

Decree
For the reasons assigned, the judgment of the Court of Appeal affirming the summary judgment is annulled, reversed and set aside, and it is now ordered that the case be remanded to the trial court for trial on the merits in accordance with this opinion.
JUDGMENT OF THE COURT OF APPEAL REVERSED; REMANDED TO THE DISTRICT COURT.
MARCUS, J., dissents and assigns reasons.
BLANCHE, J., dissents.
LANDRY, J. ad hoc, dissents and assigns reasons.
MARCUS, Justice (dissenting).
Plaintiff was not "attended by a physician within thirty days" after the accident was reported to his employer. Any change in the clear and unambiguous language of the statute addresses itself to the legislature. Accordingly, I respectfully dissent.
LANDRY, Justice ad hoc, dissenting.
It is my considered opinion that the majority award of compensation for hernia in this instance is patently contrary to the express terms and provisions of La.R.S. 23:1221(4)(q)(i), which pertinently states:
"In all claims for inguinal hernia, it must be established by a preponderance of the evidence that the hernia resulted from injury by accident arising out of and in the course and scope of employment; that the accident was reported promptly to the employer; and that the employee was attended by a physician within thirty days thereafter." (Emphasis supplied).
The statute is obviously procedural in nature. Its requirements are unmistakably clear, unambiguous, and conjunctive. To fulfill the expressly required proof of hernia the employee is statutorily mandated to show that the hernia resulted from an injury arising from an accident which occurred out of and in the course and scope of employment. Additionally, the employee must show that the accident was reported promptly and that he was attended by a physician within thirty days of the accident which allegedly caused the hernia.
The majority recognize the purpose of the statute is to obviate the difficulty of judicial determination of whether a hernia resulted from an accident within the course and scope of employment where medical attention is belatedly sought for an alleged hernia causing accident.
Despite the above acknowledgement, the majority nullifies the requirement of the applicable statute by employing the general provision of La.R.S. 23:1031. Section 1031, above, announces the intent of the Workmen's Compensation Statute to be to provide employees with prompt compensation for personal injury resulting from an accident arising out of and in the course and scope of employment, unless such compensation is specifically excluded. Section 1031, above, also declares that the Workmen's Compensation Statute is to be construed liberally in favor of the employee.
In reaching these conclusions, the majority ignore the fundamental rule of legislative interpretation that in the event of conflict between the general and special provisions of a statute, the latter shall prevail. Arata v. Louisiana Stadium and Exposition District, 254 La. 579, 225 So.2d 362 (1969).
It is common knowledge that a hernia can result from an ordinary daily act of lifting any object. Section 1221(4)(q)(i), above, recognizes the vulnerability of an employer to a fraudulent claim of work related hernia *342 where the employee does not experience sufficient pain, suffering, discomfort or disability to seek medical attention or treatment within thirty days of an accident. An employee may easily experience a non-hernia producing accident and thereafter, either within or subsequent to the thirty day period, sustain a hernia from an accident or incident totally unrelated to his employment. Without medical appraisal of the effects of the work related accident there is no possible way the employer can refute a fraudulent claim that the work related accident caused the disabling hernia.
The facts of this case are a classical example of the type of situation Section 1221(4)(q)(i) was intended to cover. Here, the employee did not seek medical attention until three months following the accident which he now claims caused his hernia. The employer is effectively deprived of any possible defense to the dilatory claim.
I respectfully dissent.
NOTES
[*] Chief Judge Paul B. Landry, retired, participated in this decision as an Associate Justice Ad Hoc.
[1] Inasmuch as there are no contrary contentions in the pleadings and affidavits and because this case was decided on a motion for summary judgment, we assume facts consistent with the pleadings and most favorable to plaintiff.
[2] While it is true that in many cases the occurrence of a hernia is accompanied by some pain and visible bulging in the groin area, it is equally true that these symptoms often are not initially present and that it may take some time before the contents of the abdominal cavity extend into the inguinal canal causing the symptoms that would require a physician's attendance. Traumatic Medicine and Surgery, P. Cantor, ed., Vol. 7, pp. 195-228 (1962); Attorney's Textbook of Medicine, R. Gray, ed., Vol. 4A, pp. 222-1, 222-75 (1973); and Lawyers Medical Cyclopedia. ... of Personal Injuries and Allied Specialities, C. Frankel, ed., Vol. 4, pp. 365-377.
[3] While the Fourth Circuit in Graver found under the specific facts there that a report ten weeks after the accident was "prompt" within the meaning of the statute, it is worth noting that in the other reported decision on this narrow prompt reporting issue the Second Circuit in Womack v. Pickett, 283 So.2d 582 (La.App. 2nd Cir. 1973) found that five weeks was not "prompt."
[4] R.S. 23:1122 provides as follows:

"The employer shall cause the examination provided for in the preceding Section to be made immediately after knowledge or notice of the accident, and to serve a copy of the report of such examination made by the employer's physician upon the employee within six days after the employer's receipt of the report of such examination. If the examination is not made and the report is not furnished by the employer within that time, the employee shall furnish a report of the examination made by his own physician to the employer, for which the employee shall be entitled to receive from the employer the actual cost of the examination and the actual cost of the report. The physician's invoice or receipt shall be prima facie proof of the cost. Upon the receipt by either party of such a report from the other party, the party receiving it, if he disputes the report or any statement therein, shall notify the other of that fact within six days, otherwise the report shall be prima facie evidence of the facts therein stated in subsequent proceedings under this Chapter." (Emphasis provided.)