671 So.2d 420 (1995)
Charles F. MIDDLETON, Jr.
v.
INTERNATIONAL MAINTENANCE.
No. 95 CA 0238.
Court of Appeal of Louisiana, First Circuit.
October 6, 1995.
Writ Denied January 12, 1996.
*421 E. Trent McCarthy, Baton Rouge, for Plaintiff/Appellant Charles F. Middleton, Jr.
Douglas K. Williams, Baton Rouge, for Defendant/Appellee International Maintenance.
Before CARTER, PITCHER and CRAIN[1], JJ.
*422 CARTER, Judge.
This is an appeal from a judgment of the Office of Worker's Compensation, granting a motion for summary judgment.

FACTS
In March, 1992, plaintiff, Charles F. Middleton, Jr., was employed as a pipe fitter with International Maintenance at the Vulcan Chemical Plant in Gonzales, Louisiana. In late November, 1992, plaintiff was carrying pipe in the plant yard when he began experiencing soreness in his lower abdomen. The discomfort persisted, but plaintiff did not miss any work. On February 11, 1993, Dr. R. Streb, the company physician for International Maintenance, made a routine visit to the Vulcan plant site to treat and/or examine employees. Plaintiff presented his complaints to Dr. Streb. After an examination, Dr. Streb determined that plaintiff suffered from a double hernia and recommended that plaintiff undergo surgery to repair the damage. Plaintiff then reported the diagnosis to his supervisor and completed an incident report. A subsequent examination, performed by a Dr. Farmer, confirmed the diagnosis of a double hernia.
Plaintiff submitted to International Maintenance a claim for medical treatment of the double hernia, which was denied. On November 17, 1993, plaintiff filed a Disputed Claim for Compensation with the Office of Worker's Compensation, listing the date of injury as February 1, 1993. In the form, plaintiff related that his injury, a double hernia, occurred while he was unloading pipe and pipe fittings. Plaintiff further detailed the bona fide dispute to be his employer's denial of the existence of an accident.
On March 23, 1994, International Maintenance filed a motion for summary judgment, contending that there were no genuine issues of material fact in dispute and that it was entitled to judgment as a matter of law. International Maintenance argued that plaintiff had not sustained an injury as a result of a work-related accident nor was he entitled to relief under the Louisiana Worker's Compensation Law. Specifically, International Maintenance contended that plaintiff's claim failed to meet the requirements of LSA-R.S. 23:1221(4)(r)(i), which sets forth a claimant's burden of proof with regard to inguinal hernias. In conjunction with its motion for summary judgment, International Maintenance submitted plaintiff's deposition and an affidavit by Gary Lambert, plaintiff's supervising foreman, indicating that plaintiff did not report an injury prior to February 11, 1993.
In his memorandum in opposition to the motion for summary judgment, plaintiff argued that he suffered an "accident" during the course and scope of his employment in late November of 1992, even though he did not report an injury until February of 1993. Plaintiff attached his affidavit to the opposition memorandum, indicating that, "around Thanksgiving 1992," while carrying pipe to the fabrication site, he began experiencing soreness in his lower abdomen. Alternatively, plaintiff contended that, if there was no "accident," then he suffered an occupational disease as set forth in LSA-R.S. 23:1031.1(B). Plaintiff indicated that at least two other employees working on the project with him suffered hernias.
On April 27, 1994, a hearing on the motion for summary judgment was held. On June 8, 1994, the hearing officer granted International Maintenance's motion for summary judgment, dismissing plaintiff's claim for worker's compensation benefits with prejudice.[2] In his order, the hearing officer determined that plaintiff failed to meet the requirements of LSA-R.S. 23:1221(4)(r)(i), namely, that the hernia resulted from an injury by accident arising out of and in the course of employment; that the accident was reported promptly; and that plaintiff was attended by a physician within thirty days thereafter. The hearing officer also determined that a hernia does not constitute an "occupational disease" as set forth in LSA-R.S. 23:1031.1(B).
From this adverse judgment, plaintiff appealed, assigning as error the hearing officer's *423 grant of International Maintenance's motion for summary judgment.

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115, 1120 (La.App. 2nd Cir.), writ denied, 587 So.2d 695 (La.1991). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26, 27 (La.1982); Legros v. Norcen Exploration, Inc., 583 So.2d 859, 860 (La.App. 1st Cir.), writs denied, 588 So.2d 101, 109 (La.1991).
A fact is material if its existence is essential to the plaintiff's cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577, 583 (La.1989).
The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of Lake Regional Medical Center, 574 So.2d 381, 384 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991). To satisfy this burden, the mover must meet a strict standard by showing that it is quite clear what the truth is and excludes any real doubt as to the existence of material fact. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d at 1120. The court must closely scrutinize the papers supporting the position of the mover, while the papers of the party opposing the motion are to be treated indulgently. Ortego v. Ortego, 425 So.2d 1292, 1297 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 147 (La.1983).
Summary judgments are not favored and should be used cautiously and sparingly. Penalber v. Blount, 550 So.2d at 583. In determining whether material facts have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). This is true even if grave doubt exists as to a party's ability to establish disputed facts at trial. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068, 1070-71 (La.App. 3rd Cir.1985). Where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits, and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Jones v. Briley, 593 So.2d 391, 393 (La.App. 1st Cir.1991).
Appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sun Belt Constructors, Division MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5th Cir. 1988).

DID THE CLAIMANT SUSTAIN A WORK-RELATED ACCIDENT?
The Louisiana Worker's Compensation Law provides coverage to any employee who suffers "personal injury by accident arising out of and in the course of his employment." LSA-R.S. 23:1031; Sparks v. Tulane Medical Center Hospital and Clinic, 546 So.2d 138, 139 (La.1989); Benoit v. Maco Manufacturing, 93-0396, p. 11 (La.App. 1st Cir. 3/11/94), 633 So.2d 1301, 1307. In other words, a claimant in a worker's compensation *424 action must prove that a work-related accident occurred. Robinson v. Travelers Insurance Company, 619 So.2d 1261, 1264 (La. App. 3rd Cir.1993).
At all times pertinent hereto, an "accident" was defined in LSA-R.S. 23:1021(1) as an "unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration."[3] The recovery of benefits for an inguinal hernia is governed by LSA-R.S. 23:1221(4)(r)(i), which provides, in pertinent part, as follows:
In all claims for inguinal hernia, it must be established by a preponderance of the evidence that the hernia resulted from injury by accident arising out of and in the course and scope of employment; that the accident was reported promptly to the employer, and that the employee was attended by a licensed physician within thirty days thereafter.
Thus, in order for a claimant to recover benefits when his claim is based upon an inguinal hernia, the claimant must establish by a preponderance of the evidence three elements, namely (1) that the hernia resulted from injury by accident arising out of and in the course and scope of employment; (2) that the accident was reported promptly to the employer; and (3) that the employee was attended by a licensed physician within thirty days thereafter. Womack v. Pickett, 283 So.2d 852, 854 (La.App. 2nd Cir.), writ denied, 284 So.2d 773 (La.1973). These requirements, however, are not time limitations in the sense of prescription or preemption, but are standards of proof or evidentiary rules. Graver v. Zeeman Enterprises, Inc., 362 So.2d 1228, 1230-31 (La.App. 4th Cir. 1978); Womack v. Pickett, 283 So.2d at 856.
The apparent purpose of the LSA-R.S. 23:1221(4)(r)(i) is to facilitate early diagnosis and avoidance of the sometimes vexatious proof problems presented in hernia cases. This purpose is served by the employee's prompt report of the accident and the employer's consequent opportunity to require the employee's attendance by a physician. Freechou v. Thomas W. Hooley, Inc., 383 So.2d 337, 340 (La.1980). However, the fact that an employee does not notify his employer immediately that he suffered an accident or does so several days or months after the date of the alleged injury does not prohibit a finding that the employee sustained an "accident." See Guilbeaux v. Martin Mills, Inc., 93-1359, p. 6 (La.App. 3rd Cir. 5/4/94), 640 So.2d 472, 476, writ denied, 94-1444 (La. 9/23/94), 642 So.2d 1291. Moreover, an employee should not be barred from recovery because he did not realize or diagnose the full extent of his injury immediately after it happened. Mackie v. Crown Zellerbach Corporation, 444 So.2d 166, 171 (La. App. 1st Cir.1983).[4] Nor should the claimant or any other employee be penalized for trying to work as much as he can, despite the pain. Guilbeaux v. Martin Mills, Inc., 93-1359, p. 6 (La.App. 3rd Cir. 5/4/94), 640 So.2d at 476.
In the instant case, in its motion for summary judgment, International Maintenance contended, among other things, that plaintiff's claim fails to establish that the double hernia resulted from "injury by accident arising out of and in the course and scope of employment." International Maintenance reasoned that the deposition testimony of plaintiff fails to reveal a specific incident that caused the hernia.[5]
Plaintiff's affidavit, which was submitted in opposition to International Maintenance's motion for summary judgment, reveals that *425 the "actual, identifiable, precipitous event" which may have caused plaintiff's double hernia was the act of "physically carrying pipe from the pipe lay down yard to the fabrication site approximately 200 to 300 feet away" in late November, 1992. According to plaintiff, it is at that time that he began experiencing a soreness in his lower abdomen, which was later diagnosed as a double hernia. Plaintiff's deposition testimony reiterates that he first felt the discomfort in his lower abdomen "around the Thanksgiving holidays" in 1992 and that the discomfort remained. According to plaintiff, the discomfort began to interfere with his work after five or six weeks, explaining that he felt a "strenuous pulling" when he lifted any object. Plaintiff stated that the discomfort continued until he saw Dr. Streb in February of 1993, at which time plaintiff described the symptoms to Dr. Streb, and the hernia was diagnosed.
After reviewing the entire record, we cannot say that International Maintenance carried its burden of proving that plaintiff did not sustain a work-related injury as a result of an "accident" arising out of the course and scope of employment. The incident which occurred in late November, 1992, and which initially caused plaintiff's discomfort, may have been an "unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." The event directly produced soreness and discomfort in plaintiff's lower abdomen, which was later determined to be a double inguinal hernia. The evidence fails to show that this injury was not caused by something more than a gradual deterioration or a progressive degeneration. Therefore, we cannot say that a summary judgment is warranted under the facts presented in this motion. Accordingly, the motion for summary judgment was improvidently granted.
On remand, plaintiff bears the burden of establishing that the hernia resulted from injury by accident arising out of and in the course and scope of employment, that he reported the accident to his employer promptly, and that he was attended by a licensed physician within thirty days thereafter. What constitutes prompt reporting of an accident within the meaning of LSA-R.S. 23:1221(4)(r)(i) is a matter which must be determined under the facts of each particular case. See Graver v. Zeeman Enterprises, Inc., 362 So.2d at 1230; Womack v. Pickett, 283 So.2d at 855.

CONCLUSION
For the foregoing reasons, the judgment of the hearing officer, granting International Maintenance's motion for summary judgment, is reversed, and the matter is remanded to the Office of Worker's Compensation for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed against International Maintenance.
REVERSED AND REMANDED.
NOTES
[1] Judge Hillary J. Crain, retired, is serving as judge pro tempore, by special appointment of the Louisiana Supreme Court.
[2] The written judgment in accordance with the June 8, 1994, order was signed on June 15, 1994. The hearing officer who rendered judgment did not sign the judgment because he was no longer with the Office of Worker's Compensation.
[3] LSA-R.S. 23:1021 was amended by Acts 1989, No. 454, § 1, effective January 1, 1990, to provide this definition of "accident." Prior to the effective date of this amendment, accident was defined as "an unexpected or unforeseen event happening suddenly or violently, with or without human fault, and producing at the time objective symptoms of an injury."
[4] In Mackie v. Crown Zellerbach Corporation, 444 So.2d 166 (La.App. 1st Cir.1983), the plaintiff injured himself while lifting a mop and did not report the injury as a work related claim until five months later when it was diagnosed by his physician. This court affirmed the hearing officer's decision that the plaintiff suffered an "accident" under the worker's compensation law.
[5] International Maintenance points to the following testimony in support of its position:

Q. Tell me how you developed this hernia; how did you hurt yourself on the job?
A. The only thing I can answer to that is lifting.
Q. Okay. Do you recall any specific incident [which caused the hernia]?
A. Not specifically, no.
* * * * * *
Q. Okay. Do you recall any specific incident that you associated with this discomfort as to when it began?
A. No.