| ¡.KLINE, Judge pro tem.
This workers’ compensation action is before us on appeal from a judgment in favor of the claimant, Hollis Piatkowski, and against her employer, Wal-Mart Stores, Inc. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Hollis Piatkowski had been an employee of Wal-Mart Stores, Inc. for five years prior to January 19, 2000, when she alleged that she injured herself lifting heavy merchandise while serving at the register as a cashier. Prior to this date, Ms. Piat-kowski had suffered with lower back pain and was already under the care of a chiropractor, Dr. Fred Fernandez. Ms. Piat-kowski had previously turned in a doctor’s slip to Mary Worley, the personnel manager at Wal-Mart, which stated that she needed to be put on light duty. In her five years of working at Wal-Mart, Ms. Piat-kowski had always been restricted from lifting heavy items. As a result, Ms. Piat- *766 kowski should not have been serving as a cashier, because the cashier position was not considered a light duty position. According to Ms. Worley, she remembered that Ms. Piatkowski gave her the slip and she admitted that she failed to inform the “front end” manager, Jennifer Sepulvado, that Ms. Piatkowski should not be on the register. Ms. Worley stated she thought Ms. Piatkowski would inform the “front end” manager. It was not until after the accident that Ms. Worley related to Ms. Sepulvado that Ms. Piatkowski should not have been on a register.
When the accident occurred, according to Ms. Piatkowski, she assumed that the pain was the same that she had experienced before and that it would subside. As a result, she continued her shift as a cashier for that day but did not report the accident on that day. Thereafter, she missed several days of work. When the pain did not subside, she made an appointment to see her physician. Once she returned to work at Wal-Mart, she informed her superiors that she had injured her back as a result of lifting heavy merchandise some time before, and requested that Wal-Mart help pay her medical bills. There was some confusion and denial about whether Ms. Piatkowski had specifically stated that she had lifted a twenty-five pound bag of dog food. According to Ms. Piatkowski, she vindicated to Ms. Worley that it could have been a twenty-five pound bag of dog food that she had lifted but she was not sure. However, she related to Dr. Stuart Phillips on a written questionnaire that she hurt her back while lifting a twenty-five pound bag of dog food. Wal-Mart reviewed the electronic journal of the cashier receipts and found no evidence of a twenty-five pound bag of dog food having been scanned on that day. As a result, Wal-Mart declined to pay Ms. Piatkowski’s medical bills.
On May 12, 2000, Ms. Piatkowski filed a “Disputed Claim For Compensation” alleging a work-related injury to her hip. Wal-Mart answered Ms. Piatkowski’s claim denying that Ms. Piatkowski had suffered injuries related to an accident on January 19, 2000. Based on the circumstances, Wal-Mart denied Ms. Piatkowski indemnity benefits and medical benefits.
This matter was heard by the Office of Workers’ Compensation (“OWC”) on August 24, 2001. At the conclusion of trial, the OWC asked the attorneys to submit post-trial memorandums and took the matter under advisement. Thereafter, on September 21, 2001, the OWC rendered judgment in favor of Ms. Piatkowski, finding the following:
IT IS ORDERED, ADJUDGED AND DECREED that claimant, Hollis Piatkowski, has carried her burden of proof as to the accident and subsequent injury of January 19, 2000, and she is hereby entitled to indemnity and medical benefits.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant’s, Wal-Mart Stores, actions prior to the accident of January 19, 2000 were unreasonable for nonpayment of benefits, and therefore, the defendant is hereby assessed with penalties in the amount of $2000.00. (Emphasis added.)
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, Wal-Mart Stores, did not reasonably controvert the claim; and therefore, the defendant is hereby assessed with attorney fees in the amount of $2000.00.
Wal-Mart appealed this judgment and asserts the OWC erred in finding the plaintiff failed to carry the requisite burden of proof in establishing the occurrence of a work accident and resulting work injury by competent and reliable evidence. *767 Wal-Mart further urges error in finding the employer responsible for a $2000 penalty and $2000 in attorney fees particularly since there continues throughout this litigation to be substantial factual and legal issues 14upon which the employer should be able to reasonably rely without fear of unwarranted assessment of penalties and attorney fees.
LAW AND DISCUSSION
Factual findings in a workers’ compensation case are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. For an appellate court to reverse a trial court’s factual finding, it must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Furthermore, when factual findings are based on the credibility of witnesses, the factfinder’s decision to credit a witness’s testimony must be given “great deference” by the appellate court. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Thus, when there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, although the appellate court may feel that its own evaluations and inferences are as reasonable. Id.
In order for a claimant to be entitled to recover workers’ compensation benefits, he must prove, by a preponderance of the evidence, that a work-related accident occurred and that an injury was sustained. A claimant’s testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident, and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. Williams v. Wal-Mart Stores, Inc., 2000-1347, p. 4 (La.App. 1st Cir. 9/28/01), 809 So.2d 294, 298.
In workers’ compensation cases, a disability is presumed to be the result of the work-related accident if the claimant was in good health before the accident, and the symptoms of the disability appear after the accident and continue to manifest themselves. This presumption is available when sufficient | ^medical evidence is introduced to show a reasonable possibility of a causal connection between the disability and the work-related accident, or that the nature of the accident raises a natural inference that such a causal connection exists. LeBlanc v. Cajun Painting Inc., 94-1609, p. 10 (La.App. 1st Cir. 4/7/95), 654 So.2d 800, 807, writs denied, 95-1706, 95-1655 (La. 10/27/95), 661 So.2d 1349, 1350. Thus, when there is proof of an accident and a following disability, without an intervening cause, it is presumed that the accident caused the disability. Jackson v. Savant Insurance Company, 96-1424, p. 3 (La.App. 1st Cir. 5/9/97), 694 So.2d 1178, 1180. Moreover, the fact that a claimant does not realize or diagnose the full extent of his injury immediately after an accident should not bar him from recovery. Middleton v. International Maintenance, 95-0238, pp. 6-7 (La.App. 1st Cir. 10/6/95), 671 So.2d 420, 424, unit denied, 95-2682 (La.1/12/96), 667 So.2d 523.
Thus, in determining whether a worker has shown by a preponderance of the evidence that an injury-causing acci *768 dent occurred in the course and scope of employment, the trier of fact is expected to focus on the issue of credibility because, absent contradictory circumstances and evidence, a claimant’s testimony is accorded great weight. Bruno v. Harbert International Inc., 593 So.2d 357, 361 (La.1992). The determinations by a workers’ compensation judge as to whether the claimant’s testimony is credible and whether the claimant has discharged his burden of proof are factual determinations and will not be disturbed upon review in the absence of manifest error or unless clearly wrong. Id.
The manifest error test requires the reviewing court to consider the record as a whole to ascertain whether the trier of fact’s findings constituted manifest error. Since the trier of fact’s findings are accorded great weight on appeal, the Louisiana Supreme Court has set forth a two-part test for use by appellate courts in applying the manifest error standard of review. First, the appellate court must conclude from the record that a reasonable factual basis does not exist for the trier of fact’s findings. Second, the appellate court must determine that the ^findings were clearly wrong based on the record. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993).
The defendant has challenged the OWC judge’s finding that Ms. Piatkowski carried the requisite burden of proof in establishing (1) the occurrence of a work accident on January 19, 2000, (2) the aggravation of her substantial pre-existing back condition on that date, and (3) the entitlement to disability and medical benefits in light of the plaintiffs substantial pre-existing and chronic lower back condition which predated the January 19, 2000 date.
In regard to the occurrence of the work related accident, defendant argues that it was not witnessed nor reported until five days later on January 25, 2000. The objective circumstance most favorable to the plaintiff is that she was assigned to the cashier’s position which required lifting of merchandise. Plaintiff had previously provided defendant with a prescription from her treating chiropractor, Dr. Fernandez, requiring light duty assignment. Plaintiff further related that at the time of her hiring that she informed Wal-Mart that she had prior back surgery and had a fifty pound lifting limitation. During her five year employment, she related that she was never assigned jobs that required heavy lifting until assigned to the cash register.
Through lapses of communication between supervisors, and by her own failure to complain, the plaintiff was assigned to the register. Because plaintiff was in a particular assignment in the course and scope of her employment that had the potential for the occurrence of the type injury that plaintiff relates, this circumstance may be considered favorable to her credibility.
Defendant contends, however, that there are several facts that challenge plaintiffs credibility relative to the occurrence of an accident. First, the equivocation about what was lifted. It is not clear whether the twenty-five pound bag of dog food was suggested to her as the possible burden that caused the injury or whether the plaintiff surmised that it was. It is clear, however, that plaintiff unequivocally related on a questionnaire in Dr. Stuart Phillips’s office that she was injured lifting a twenty-five pound bag of dog food on January 19, 2000. 17It is likewise uncontro-verted that the registry records of January 19, 2000 contain no sale of a twenty-five pound bag of dog food.
*769 Secondly, plaintiff testified in a pretrial deposition that she reported the accident on January 19, 2000, but when confronted at trial, she admitted that her statement in the deposition was not the truth, and that she did not report it until January 25, 2000.
Thus, whether plaintiff met the burden of proof of an accident on January 19, 2000 is dependent upon the acceptance of her truthfulness under the circumstances here-inabove recited. We reiterate that the determination by a workers’ compensation judge as to whether the claimant’s testimony is credible and whether the claimant has discharged her burden of proof are factual determinations and will not be disturbed upon review in the absence of manifest error or unless clearly wrong.
In this case, it is apparent that'the OWC found Ms. Piatkowski to be a credible witness and concluded that the work related accident of lifting merchandise while working as a cashier occurred and caused injury to her left hip. Defendant argues that even if the OWC determined that a work-related accident occurred, that Ms. Piat-kowski did not satisfy her burden of proving that that accident caused her injury, as she already had an extensive history of chronic lower back problems. The particular issue was raised that Ms. Piatkowski failed to disclose in her medical history to her treating physicians that she was, at the time of the accident, under the care of Dr. Fernandez, for complaints similar to those caused by the accident.
Ms. Piatkowski sought treatment by Dr. Stuart Phillips on March 9, 2000. She stated she had a work-related accident lifting a bag of dog food off a conveyor belt and twisted to the left and felt and heard a pop in her lower back. She also stated that in 1984, she was treated by Dr. Bruce Razza and had an anterior lumbar fusion. She told Dr. Phillips that she was out of work for five years following the 1984 accident. She also told the doctor that she was experiencing pain prior to the date of the accident. He undertook a physical exam on March 9, 2000. According to Dr. Phillips, Ms. Piatkowski had findings of |sa back injury. The results of the exam included a mild to moderate paravertebral muscle spasm and tenderness in the lower lumbar spine on the sacroiliac joint on the left. X-rays showed that she had sprained her sacroiliac joint. He injected her back with steroids, which afforded her some relief. He also put her in a corset, started physical therapy, prescribed anti-inflammatory drugs, and told her not to work for two weeks.
Dr. Phillips was not aware that Ms. Piatkowski had any extensive treatment after 1990 for continued low back pain and left hip or left leg or left-sided pain. He was not aWfire that Dr. Razza was recommending a fusion in 1993. However, he did testify to the fact that he had in his report that Ms. Piatkowski had been treated by a chiropractor for lumbar treatment. He admitted that his medical history for Ms. Piatkowski was imprecise, but also indicated that it would not surprise him that considering her bad back that Ms. Piatkowski would have been under that care prior to the accident.
Dr. Nutik first saw Ms. Piatkowski on October 11, 2000. She was referred to Dr. Nutik through Claims Management, Inc., Wal-Mart’s guarantor of payment of services provided for workers’ compensation, by Diana Knighting. After reviewing the history given by Ms. Piatkowski and the results of clinical examination, Dr. Nutik’s initial diagnosis was soft tissue muscle strain or left-sided sacroiliac joint strain that had become chronic. Based upon the history that Ms. Piatkowski had given, Dr. Nutik determined that her pain started only after she had lifted the merchandise *770 and so was a work related injury. After learning at the time of deposition that the patient left out certain information regarding her history prior to the accident, he determined that she had a pre-existing left hip problem and that she had seen a chiropractor for those prior symptoms that might have been exacerbated by the lifting incident. According to Dr. Nutik, Ms. Pi-atkowski denied any other history of hip pain. He stated that he asked her specifically if she had any prior history of hip pain prior to the accident and she said, “No.” Ms. Piatkowski did not state specifically that she had lifted a twenty-five pound bag of dog food. She was not able to state exactly what she had lifted. Dr. Nutik did, however, testify to the fact that he did have access to Dr. | nPhillips’s medical reports where it was noted that Ms. Piatkowski was under the care of a chiropractor. He indicated that he did not typically review reports prior to a patient’s visit.
Ms. Piatkowski also was examined by an OWC-ordered independent medical examiner, Dr. Henry Eiserloh. Dr. Eiserloh concluded, after evaluating Ms. Piatkow-ski’s prior medical history and conducting physical examination, that Ms. Piatkowski suffered with chronic lumbar spine problems.
As previously indicated, the determinations by the OWC judge as to whether Ms. Piatkowski’s testimony is credible, and whether Ms. Piatkowski has discharged her burden of proof are factual determinations that will not be disturbed on review in the absence of manifest error. Although certain inconsistencies exist in Ms. Piatkowski’s testimony regarding what she exactly lifted to cause the accident and also in her reporting her treatment by her chiropractor, Dr. Fernandez, to the other physicians, the OWC could have determined that Ms. Piatkowski injured herself while lifting something on the register at Wal-Mart. Although we may have arrived at a different conclusion, based upon a complete review of the record, we cannot say that there is no reasonable basis for the OWC’s findings. Thus, we affirm this past of the OWC’s judgment.
Finally, Wal-Mart asserts that the OWC erred in 'awarding Ms. Piatkow-ski penalties and attorney fees. An assessment of penalties for nonpayment of workers’ compensation benefits is proper unless the nonpayment results from conditions over which the employer or insurer have no control or unless the employee’s right to such benefits has been reasonably controverted. Jackson v. Savant Insurance Company, 694 So.2d at 1184. La. R.S. 23:1201.2 provides for the assessment of attorney fees against an insurer who arbitrarily, capriciously, or without probable cause has refused to timely pay workers’ compensation benefits. A claimant is not entitled to an award of penalties or attorney fees where a rational basis exists for the refusal to pay. Jackson v. Savant Insurance Company, 694 So.2d at 1184. When considering the record in its entirety, including the discrepancy surrounding the twenty-five pound bag of imdog food, and the review of the electronic journal of Ms. Piatkowski’s cash register, and the circumstances of the late reporting of the accident, we find that Wal-Mart had a rational basis for refusing to pay Ms. Piat-kowski’s claim. We reverse the award of penalties and attorney fees assessed against Wal-Mart.
CONCLUSION
For the above and foregoing reasons, the judgment of the OWC finding in favor of Ms. Piatkowski is affirmed in part, reversed in part. Costs associated with this appeal are assessed against Wal-Mart Stores, Inc.
*771 AFFIRMED IN PART, REVERSED IN PART.