Dear Representative McVea:
You have sent our office a request for an opinion concerning the appointment of a board member to the Louisiana Board of Pharmacy (Board). Your opinion request contains several separate questions, but we have determined, and you have agreed, that the issue at the core of your request is addressed by interpreting the statute concerning board appointment qualifications of a pharmacist. For this reason, we discuss the interpretation of such statute which renders the other questions presented moot. You have asked us to give an interpretation of La.R.S.37:1174, which provides:
 A. Each pharmacist member of the board shall at the time of appointment:
 (1) Be a resident of this state for not less than six months.
 (2) Be currently licensed to engage in the practice of pharmacy in this state.
 (3) Be actively engaged in the practice of pharmacy in this state and may practice in and own a Louisiana-permitted pharmacy.
 (4) Have five years of experience in the practice of pharmacy in this state after licensure.
 (5) Shall not have been convicted of a felony.
 (6) Shall not have been placed on probation by the board. *Page 2 
 B. The consumer member of the board shall be a resident of this state who has attained the age of majority and shall not have nor shall ever have had material financial interest in the providing of pharmacy services or who has engaged in any activity directly related to the practice of pharmacy. The consumer representative shall not have been convicted of a felony.
You asked whether the current wording of this statute means that only pharmacists who are on probation at the time of the appointment are disqualified from appointment, or if the wording means that any pharmacist who has ever been placed on probation is disqualified from consideration for appointment to the Board.
The following rules of statutory interpretation and construction are applicable:
 When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.
La.C.C. art. 10.
 When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law itself.
La.C.C. art. 12.
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 The word "shall" is mandatory and the word "may" is permissive.
La.R.S. 1:3.
 When the language of the law is susceptible of different meanings, however, it must be interpreted as having the meaning that best conforms to the purpose of the law, and the meaning of ambiguous words must be sought by examination of the context in which they occur and the text of the law as a whole. Louisiana Smoked products, Inc. v. Savoie's Sausage and Food Products, Inc., 96-1716 (La. 7/1/97), 696 So.2d 1373; Hutchinson v. Patel, 93-2156 (La. 5/23/94), 637 So.2d 415. See also, La.Civ. Code art. 10.
 [. . .] *Page 3 
 Where a statute is ambiguous and susceptible of two constructions, the courts will give that construction which best comports with the principles of reason, justice, and convenience, for it is to be presumed that the legislature intended such exceptions to its language as would avoid its leading to injustice, oppression, or absurd consequences. Freechou v. Thomas W. Hooley, Inc., 383 So.2d 337 (La. 1980)
Progressive Security Insurance Company v. Foster, 1997-2985, p. 13 (La. 4/23/98); 711 So.2d 675, 685.
The statute is clear in its assertion that at the time of appointment, each pharmacist member of the Board must meet the six requirements set forth in the statute. It is unambiguous that the first four requirements outlined in La.R.S. 37:1174 apply to the current status of someone being considered for appointment. La.R.S. 37:1174(A)(1) requires that any pharmacist being considered for appointment must currently be a Louisiana resident, and have been for at least the last six months. The following subsections require that any pharmacist considered for appointment be currently licensed by the Pharmacy Board, be actively engaged in pharmaceutical practice and have at least five years of experience in the practice of pharmacy in Louisiana. A pharmacist who has been convicted of a felony may not be appointed, as provided for in subsection (5). The ambiguity of the statute arises out of the syntax used in subsection (6), which provides that at the time of appointment, a pharmacist "shall not have been placed on probation." This wording is capable of being interpreted in two ways: (1) the statute prohibits appointment of a pharmacist who has ever been placed on probation, or (2) the statute merely prohibits appointment of a pharmacist who has currently been placed on probation by the Board. For the reasons described below, it is the opinion of this office that the latter interpretation is the appropriate one, and the statute prohibits appointment of a pharmacist who is currently on probation by the Board.
The disqualifications contained in Subsections (A)(2) and (A)(3) of the statute do not preclude appointment of a pharmacist who has been otherwise disciplined in the past by the Board, i.e. had their license suspended or revoked. Probation is a lesser penalty than suspension or revocation, and is therefore reserved for less egregious conduct than conduct deserving probation or suspension. If the legislature intended to exclude any pharmacist who had ever been put on probation, the violations resulting in such probation would presumably be less egregious than violations which would prompt suspension or revocation. In that case, it is likely the legislature would also wish to prohibit the appointment of pharmacists whose licenses have been suspended or revoked in the past. However, La.R.S. 37:1174(A)(2) and (A)(3) only disqualify someone whose license is currently revoked or suspended. Therefore, Subsection (A)(6) cannot be reasonably interpreted to disqualify anyone with a past probation, while allowing someone with past suspension and revocations to be candidates. *Page 4 
Alternatively, if the legislature intended to disqualify anyone with any past disciplinary record, be it suspension, revocation or probation, it could have done so by including language applicable to any pharmacists who have been "disciplined" in the past, rather than limiting it to probation as was done in Subsection (A)(6).
Instead, La.R.S. 37:1174 precludes appointment of a pharmacist whocurrently has a suspended or revoked license by requiring that a pharmacist be currently licensed [Subsection (A)(2)], and be actively engaged in the practice of pharmacy [Subsection (A)(3)]. If a pharmacist's license was revoked at the time he was being considered for appointment, he would not meet Subsections (A)(2) or (A)(3), and if a pharmacist's license was suspended at the time of consideration for appointment, he would not meet Subsection (A)(3). However, if a pharmacist were suspended ten years prior to appointment, La.R.S. 37:1174 would not prohibit the previously suspended pharmacist from being appointed to the Board. Similarly, if a pharmacist previously had his/her license revoked, but was since reinstated by the Board, there is nothing in La.R.S. 37:1174 which would make this a disqualifying factor for appointment to the Board.
Interpreting La.R.S. 37:1174 to mean that any licensee who has been subject to the lesser penalty of probation is disqualified from appointment to the Board, yet a licensee who has been subject to the more serious penalty of suspension or revocation of his/her license is qualified for appointment, leads to absurd consequences. Therefore, since the syntax of Subsection (A)(6) can be understood both ways, and one interpretation leads to absurd consequences, it is the interpretation which does not lead to absurd consequences (i.e., disqualification is limited to one currently on probation) that must be chosen. Accordingly, it is the opinion of this office that La.R.S. 37:1174(A)(6) disqualifies a pharmacist who is currently on probation from being considered for appointment to the Board.
We hope that this opinion has adequately addressed the legal issues that you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 Emalie A. Boyce
 Assistant Attorney General
 JDC: EAB