_[¿KLINE, J.
Appellant, Georgia Wilson, appeals the decision of the workers’ compensation judge dismissing her claim against appel-lee, Guest House of Slidell, having found that she had not carried her burden of proof that she suffered a back injury due to a work-related accident. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Georgia Wilson was employed as a nurse’s assistant by Guest House of Slidell (“Guest House”). On December 7, 1999, Ms. Wilson was assisting a patient by transporting her from a wheelchair onto a hospital bed. According to Ms. Wilson, as she placed the patient onto the edge of the bed, the bed rolled back. The patient began to roll over, and Ms. Wilson had to “scoop her up and put her back on the bed to keep her from falling on the floor.” After Ms. Wilson got the patient onto the bed, she stood and felt her lower back was hurting.
On January 27, 2000, Guest House filed a claim with the Office of Workers’ Compensation (“OWC”) against Ms. Wilson alleging that Ms. Wilson had forfeited her entitlement to benefits under La. R.S. 23:1208.1. Guest House asserted that Ms. Wilson failed to truthfully answer inquiries set forth in a post-hire medical questionnaire relating to a prior back accident, injury, disability and workers’ compensation claim. On February 22, 2000, Ms. Wilson filed an answer denying the allegation set forth by Guest House and then filed a workers’ compensation claim against Guest House, asserting that she suffered severe back injury as a result of an accident that occurred on December 7, 1999. On March 30, 2000, both matters were consolidated upon motion filed by Guest House. Guest House filed a recon-ventional demand against Ms. Wilson whereby it alleged that Ms. Wilson also was in violation of La. R.S. 23:1208. Ms. Wilson filed an answer denying such claim.
A trial was held on the merits on July 9, 2001. At the trial, Ms. Wilson testified about the facts surrounding the incident and the injuries that resulted. She also testified about the facts surrounding the issue of her prior back injury |3and the circumstances surrounding her answers provided on the questionnaire. No other witnesses were presented by Ms. Wilson.
The OWC judge issued a written judgment on July 26, 2001, stating the following:
After considering the law and evidence as well as having observed the demeanor of those testifying, the Court concludes as follows:
IT IS ORDERED ADJUDGED AND DECREED that the plaintiff, Georgia L. Wilson, has failed to carry her burden of proving a work related accident with injury, thus her claim against, the defendant, Guest House of Slidell is dismissed with prejudice, each party responsible for their costs. [Emphasis added.]
Ms. Wilson appealed this finding and asserts the following assignment of error:
The trial court erred in finding no proof of an accident where there were no substantial factors casting serious *659 doubt upon plaintiffs testimony regarding the accident.
Guest House filed an answer to Ms. Wilson’s appeal whereby it asserted that if this appellate court reverses the trial court’s judgment and finds that Ms. Wilson did prove that an accident existed, that the judgment in favor of Guest House should still be affirmed as the trial court erred in finding that Ms. Wilson did not engage in action/inaction in violation of La. R.S. 23:1208 and 1208.1, resulting in forfeiture of all benefits.[2]
LAW AND DISCUSSION
Factual findings in a workers’ compensation case are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. For an appellate court to reverse a trial court’s factual finding, it must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Furthermore, when factual findings |4are based on the credibility of witnesses, the fact finder’s decision to credit a witness’s testimony must be given “great deference” by the appellate court. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Thus,'when there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, although the appellate court may feel that its own evaluations and inferences are as reasonable. Id.
In order for a claimant to be entitled to recover workers’ compensation benefits, she must prove, by a preponderance of the evidence, that a work-related accident occurred and that an injury was sustained. A claimant’s testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident, and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. Jackson v. Savant Insurance Company, 96-1424, p. 3 (La.App. 1st Cir.5/9/97), 694 So.2d 1178, 1180. See also Bruno v. Harbert International Inc., 593 So.2d 357, 361 (La.1992).
In workers’ compensation eases, disability is presumed to be the result of the work-related accident if the claimant was in good health before the accident, and the symptoms of the disability appear after the accident and continue to manifest themselves. This presumption is available when sufficient medical evidence is introduced to show a reasonable possibility of a causal connection between the disability and the work-related accident, or that the nature of the accident raises a natural inference that such a causal connection exists. LeBlanc v. Cajun Painting Inc., 94-1609, p. 10 (La.App. 1st Cir.4/7/95), 654 So.2d 800, 807, writs denied, 95-1706, 95-1655 (La.10/27/95), 661 So.2d 1349, 1350. Thus, where there is proof of an accident and a following disability, without an inter- *660 vening cause, it is presumed that the accident caused the disability. Jackson v. Savant Insurance Company, 694 So.2d at 1180. Moreover, the fact that a claimant does not realize or diagnose the full extent of his injury immediately after an accident should not bar him from recovery. Middleton v. International Maintenance, 95-0288, pp. 6-7 (La.App. 1st Cir.10/6/95), 671 So.2d 420, 424, writ denied, 95-2682 (La.1/12/96), 667 So.2d 523.
Thus, in determining whether a worker has shown by a preponderance of the evidence that an injury-causing accident occurred in the course and scope of employment, the trier of fact is expected to focus upon the issue of credibility because, absent contradictory circumstances and evidence, a claimant’s testimony is accorded great weight. See Bruno v. Harbert International Inc., 593 So.2d at 361. The determinations by the workers’ compensation judge as to whether the claimant’s testimony is credible and whether the claimant has discharged his burden of proof are factual determinations and will not be disturbed upon review in the absence of manifest error or unless clearly wrong. Id.
At issue in the instant case is whether Ms. Wilson showed that a work-related accident caused her back injury. The record provides conflicting testimony and evidence of the events surrounding Ms. Wilson’s actions right after the alleged accident. Ms. Wilson testified initially that she reported the incident immediately following its occurrence. Upon cross examination, it was revealed that Ms. Wilson went to another patient’s room across the hall and sat for thirty minutes until she was requested by a supervisor to change that patient’s clothing. Contrary to Ms. Wilson’s initial testimony, she did in fact assist this other patient, changing her clothes and putting her into bed. She then headed to the dining room where she alleged that she reported her injury to Milton Hart, a licensed practical nurse employed by Guest House at the time. Ms. Wilson stated that Mr. Hart was fooling around in a wheelchair in the dining area and did not document her report for a few hours thereafter, only after her urging. She stated that Mr. Hart informed her that she would not be sent to a doctor. Ms. Wilson noted that Mr. Hart then called the director of nursing and asked her what to do. He was informed that he was to fill out some papers and have Ms. Wilson see Dorothy Rushing, the nursing assistant supervisor at Guest House, the following morning and then Ms. Rushing would send her to a doctor.
| r,Ms. Wilson testified she did see Ms. Rushing the next morning, but Ms. Rushing told her it made no sense to see a doctor. Ms. Wilson thus did not see a doctor at that time, but two days later went to the emergency room because her back was hurting her. Afterwards, Ms. Wilson contacted Guest House and was told to see Dr. Culasso. Ms. Wilson saw Dr. Culasso and, after treatment, was prescribed light duty work. Ms. Wilson chose not to comply as she felt that she was still not up to working even at light duty status due to her injury.
Both Ms. Rushing and Mr. Hart testified to the contrary. Mr. Hart testified that part of his duties at Guest House include completing accident reports for nursing assistants. If an accident occurs, Mr. Hart stated that he is required to fill out an accident report, which will go to administration. Typically, he would call Dorothy Rushing. On December 7, 1999, he recalled Ms. Wilson coming to his desk and stating that she had hurt herself transferring a patient to bed. He completed a report that night. He denied that he was playing around in a wheelchair in the *661 dining room when Ms. Wilson approached him. He also denied refusing to complete an accident report or denying her medical treatment. He indicated that Ms. Wilson did not appear injured or in pain. After she reported her accident to him, she continued with her duties.
Ms. Rushing testified that, usually if somebody requests treatment as a result of injuring himself on the job, that person is afforded treatment without exception. Ms. Rushing stated that she did not receive a phone call on December 7, 1999. The following day Ms. Wilson came to Ms. Rushing’s office in the morning to report that she had been hurt and wanted to get medical attention. Ms. Rushing stated that she then put into motion the process for Ms. Wilson to receive treatment by calling ahead to the hospital, telling them Ms. Wilson was coming and that she had claimed to have injured her back the night before.
Ms. Rushing said that when Ms. Wilson was released to light duty by the doctor, Ms. Rushing issued her a paper drawn up with some light duty tasks on it. Ms. Wilson signed the sheet, left the office, returned to the office and informed Ms. Rushing that she could not perform those tasks. Ms. Rushing suggested |7that Ms. Wilson take the form to the doctor and have the doctor indicate which tasks she could not do. Ms. Wilson did not return.
Guest House alleged that Ms. Wilson provided false information on the post-hire medical history questionnaire regarding whether or not she had a previous back injury. Ms. Wilson checked “No” to previous back injury on the post-hire medical questionnaire when, in fact, she suffered back injury while working at Comfort Inn, her previous place of employment. She received workers’ compensation benefits due to that injury. Ms. Wilson asserted that she only checked “No” on the questionnaire at the direction of Ms. Dorothy Rushing. Ms. Wilson indicated that she filled both the questionnaire and the application out at the same time and that when she checked “Yes” in response to previous back injury, Ms. Rushing tore up the questionnaire and urged Ms. Wilson to check “No,” as Ms. Rushing could not hire Ms. Wilson with a previous back injury.
Ms. Rushing denied having advised Ms. Wilson in this manner. She stated that the application and the questionnaire are never given to an applicant at the same time. She also stated that Guest House has employees working there with previous back injuries. She stated that she does request that such an applicant furnish a medical release signed by a doctor so that she can then consider hiring them. This testimony was also supported by the testimony of Jeff Burch, the administrator of Guest House.
As previously indicated, the determinations by the OWC judge as to whether Ms. Wilson’s testimony was credible, whether Ms. Rushing or Mr. Hart’s testimony was credible, and whether Ms. Wilson discharged her burden of proof are factual determinations that will not be disturbed on review in the absence of manifest error. In this case, the OWC judge obviously did not find Ms. Wilson’s testimony to be more credible than that of the witnesses presented by Guest House. Not only were Ms. Wilson’s actions immediately following the alleged incident questionable with respect to a purported back injury, but also her credibility was tainted by her prior false answers on the post-hire questionnaire regarding a previous back injury. As a result, the OWC judge determined that no work-related accident was proven to have occurred, causing injury to Ms. Wilson. |s Based upon a complete review of the record, we cannot say that the OWC judge was clearly wrong in finding that Ms. Wil *662 son did not prove, by a preponderance of the evidence, that she was injured in a work-related accident during the course and scope of her employment.[3]
CONCLUSION
For the above and foregoing reasons, the judgment of the OWC judge dismissing Ms. Wilson’s claim for workers’ compensation benefits is affirmed. Costs associated with this appeal are assessed against Georgia Wilson.
AFFIRMED.

. Louisiana Code of Civil Procedure article 2133 recites, in pertinent part, the following: "The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer.”

. As a result of this finding, we pretermit addressing the issue raised by Guest House regarding La. R.S. 23:1208 and 1208.1 violations.