Dear Representative Tucker:
You have asked for my opinion regarding the residency requirements for members of the Board of one of the newly created Southeast Louisiana Flood Protection Authorities-East and West (hereinafter "Authority East" and "Authority West"). Specifically, you have asked whether La.R.S.38:330.1 requires the members of the Board of Commissioners of the Authority West to reside in those areas of the parish located on the west side of the Mississippi River (hereinafter "the West Bank"). For the reasons discussed below, it is my opinion that members of the Authority Boards must reside in the areas of the parish within the territorial jurisdiction of the Authority.
Act 1 of the First Extraordinary Session of the 2006 Louisiana Legislature created two regional flood protection authorities to govern existing and newly created levee districts in Louisiana's southeastern coastal region.[1] The territories included in the Authority East are the East Jefferson Levee District, Lake Borgne Basin Levee District, that portion of Orleans Levee District on the east side of the Mississippi River, St. Tammany Levee District, Tangipahoa Levee District, and those portions of St. Charles and St. John the Baptist Parishes lying east of the Mississippi River.[2] The territories included in the Authority West are West Jefferson Levee District and that portion of Orleans Levee District on the west side of the Mississippi River.[3] The levee districts and portions of levee districts and parishes listed above comprise the territorial (geographical) jurisdiction of the authorities.
As background, the geographical area of the Parish of Jefferson is split into two distinct areas by the Mississippi River. Part of Jefferson Parish lies on the East Bank of the River and part of it lies on the West Bank. Orleans Parish is similarly situated on the River. The difference between Jefferson Parish and every other parish is that Jefferson Parish has two distinct levee districts within its geographical boundaries — the East Jefferson Levee District ("EJLD") and the West Jefferson Levee District ("WJLD"). Orleans Parish, on the other hand, is entirely contained within one levee district. The Orleans Levee District ("OLD") encompasses all of Orleans Parish, whether it is on the East or the West Bank of the River. In Jefferson Parish, the geographical boundaries of its two levee districts are divided along the banks of the Mississippi River. Thus all of Jefferson Parish located on the West Bank is in the WJLD and all of Jefferson Parish located on the east side of the River is in the EJLD.
Act 1 incorporates the assumption that the interests on the East Bank of the Mississippi River are different from those on the West Bank of the River. The Legislature created two regional authorities as opposed to the one authority originally proposed because of these differing interests. Act 1 also creates a board of commissioners (hereinafter referred to as "Authority Boards") for each Authority and provides residency requirements for the members of each Authority Board.[4]
R.S. 38:330.1(C)(1)(b) provides, "The board of commissioners of the Southeast Louisiana Flood Protection Authority-West Bank shall be composed of . . . two members from each parish within the territorial jurisdiction of the authority." [Emphasis added]. Interpreting this provision within the context of Act 1 as a whole, it appears that the members of each Authority Board must reside within those portions of the parish within the territorial jurisdiction of the respective Authority. Thus the term "parish" must mean that portion of the parish included "within the territorial jurisdiction of the authority."
We know the Authorities were created to manage opposite sides of the river separately. Additionally, the Authority West includes only that portion of Jefferson Parish included in the West Jefferson Levee District (which is the same as the West Bank) and that portion of Orleans Levee District on the West Bank. Since all area within the territorial jurisdiction of the Authority West is on the West Bank, it makes sense that members of the Authority Board West must be required to reside on the West Bank.
However, this term is subject to a different interpretation. "Parish" could be construed to mean the entire parish, even though only the West Bank of Jefferson Parish is within the territorial jurisdiction of the Authority West. Under such an interpretation, a member of the Authority Board West could reside anywhere in Jefferson Parish, including that portion of the Parish on the East Bank.
When a statute is ambiguous or susceptible of two reasonable constructions, statutory interpretation is necessary. Touchard v.Williams, 617 So.2d 885 (La. 1993); State v. Randall, 219 La. 578,53 So.2d 689 (1951). The Civil Code defines legislation (statutes, code articles, etc.) as the solemn expression of legislative will and mandates that when a law is clear and unambiguous and the application of the law does not lead to absurd consequences, it must be applied as written without any further interpretation of the intent of the legislature, La.C.C. Arts. 2, 9. The Civil Code and related jurisprudence establish guidelines for statutory interpretation. When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. La.C.C. Art. 10. The Code also suggests that ambiguous text be interpreted according to the generally prevailing meaning of the words employed in the statute. La.C.C. Art. 11. When the words are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. La.C.C. Art. 12.
These Civil Code articles are formal indications of what the Legislature considers appropriate methods of statutory interpretation, and courts routinely cite them. When the language of a law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law, and the meaning of ambiguous words must be sought by examination of the context in which they occur and the text of the law as a whole. Progressive Security InsuranceCompany, 711 So.2d 675 (La. 1998); Louisiana Smoked Products, Inc. v.Savoie's Sausage and Food Products, Inc., 696 So.2d 1373 (La. 1997);Hutchinson v. Patel, 637 So.2d 415 (La. 1994).
Where a statute is ambiguous and susceptible of two constructions, the courts will give that construction which best comports with the principles of reason, justice, and convenience, for it is to be presumed that the Legislature intended such exceptions to its language as would avoid its leading to injustice, oppression, or absurd consequences.Progressive Security Insurance Company, 711 So.2d 675 (La. 1998);Freechou v. Thomas W. Hooley, Inc., 383 So.2d 337 (La. 1980); State v.Standard Oil Co. of Louisiana, 188 La. 978, 178 So. 601 (La. 1937).
In light of the above, and in accordance with La.C.C. Art. 10, it is my opinion that the Legislature intended the members of the Authority Board West to reside on the West Bank of the River. The residency requirements for members from each parish within the territorial jurisdiction of the authority require those members to reside within the territorial jurisdiction of the Authority. Any other interpretation could possibly result in members of an Authority Board residing within the territorial jurisdiction of the other Authority Board. In your example, it could result in a member of the Authority Board West from Jefferson Parish residing on the East Bank, or within the territorial jurisdiction of the Authority Board East. This result would be contrary to the purpose of the Act, which itself assumes that the interests on the East Bank of the Mississippi River are different from those on the West Bank.
I trust this sufficiently addresses your question. If you have any further questions, please do not hesitate to contact me.
 Sincerely yours,
 ________________________
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 CCF, JR:DBF:jv
[1] La.R.S. 38:330.1(A) and (B).
[2] La.R.S. 38:330.1(B)(1)(a).
[3] La.R.S. 38:330.1(B)(2)(a).
[4] La.R.S. 38:330.1(C)(1)(a) and (b).